[No. 10095.   Department Two.   June 14, 1912.]

HARRISON B. MARTIN, *Appellant*, v. THE CITY OF OLYMPIA, *Respondent*.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS — PUBLIC PURPOSES—PROCEEDINGS—ORDINANCE. An ordinance for a local improvement by filling tide lands is not invalid by reason of a recital that one of its purposes was for the "general improvement of the property," where it also appears that it was necessary to the public health, sanitation and general welfare, within Rem. & Bal. Code, § 7971.

SAME—ASSESSMENTS—DISTRICTS—LANDS ASSESSABLE. Rem. & Bal. Code, § 7971 *et seq.*, for the filling of tide and swamp lands by cities, authorizes the assessment of property benefited thereby situated within the assessment district, although it was not part of the land filled in.

SAME—ASSESSMENT—CONCLUSIVENESS—ACTION TO SET ASIDE—COMPLAINT—SUFFICIENCY. Under Rem. & Bal. Code, §§ 7976, 7977, giving the right of appeal from a city assessment for filling tide and swamp lands to any person filing objections before the city council, sitting as a board of equalization, the action of the city council is final as to all persons not objecting, in the absence of fraud or arbitrary action; hence a complaint to set aside an assessment by one

[1]Reported in 124 Pac. 214.

who made no objections is insufficient where it alleges merely that the property was not benefited, without alleging any irregularity or any facts showing capricious or arbitrary action.

SAME—ASSESSMENT—NOTICE—PRESUMPTIONS. In an action to set aside a local assessment, the fact that the plaintiff had no notice of the assessment in time to object before the city council is immaterial, if the statutory notice was given, which will be presumed in the absence of allegations to the contrary.

PLEADING—COMPLAINT—CONCLUSIONS. In an action to set aside a local assessment, allegations in the complaint that plaintiff's property was taken without due process of law, or any authority and that the assessment was for a private use, and contrary to law, are mere conclusions of law presenting no issuable facts.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered November 29, 1911, dismissing an action to set aside a special assessment, upon sustaining a demurrer to the complaint. Affirmed.

*Harrison B. Martin,* for appellant.

*Chas. Ethelbert Claypool,* for respondent.

FULLERTON, J.—The appellant brought this action against the respondent, city of Olympia, to cancel and set aside a special assessment levied .by the respondent on certain tide lands owned by him. A general demurrer was interposed to the complaint, which the trial court sustained. The appellant elected to stand on his complaint and refused to plead further, whereupon judgment of dismissal and for costs was entered against him. This appeal followed.

The appellant in his complaint alleged his owership of the property, the corporate capacity of the respondent, the resolution and ordinance authorizing the improvement which gave rise to the assessment, and then continued as follows:

"V. That in pursuance of said resolution and ordinance the said city council, through the officers of said city, caused a portion of said property mentioned in said resolution and in said ordinance to be filled, but did not fill, or cause to be filled, any of the lands of the plaintiff in any degree whatsoever; that the said lands of the plaintiff are situated a long

distance from, and outside of, the bulkhead of said fill, and derive no benefit from said fill, and are, and at all times in this complaint mentioned, were, covered with salt water many feet deep, and are now, and at all times herein mentioned, have been in the same condition as they were in before the said fill was made.

"VI.     That in pursuance of said resolution and ordinance the said city council, through the officers of said city, caused the real property of plaintiff to be assessed for an alleged and pretended proportion of the expense of such filling, in the following amounts, to wit:

| | |
|---|---:|
| Lot 1 of said block 67 A | $ 60.88 |
| Lot 2 of said block 67 A | 50.69 |
| Lot 3 of said block 67 A | 43.14 |
| Lot 4 of said block 67 A | 51.64 |
| Lot 5 of said block 67 A | 62.58 |
| Lot 3 of said block 69 A | .79 |
| Total assessment | $269.72 |

"VII.     That the plaintiff had no notice or knowledge of said fill until long after the same was completed and had no notice of any of the proceedings under which said fill was made, and had no notice that his property was assessed in any amount for said fill, and that the plaintiff's first information and knowledge that his said property was assessed for said fill came to him only a few days prior to the institution of this action.

"VIII.     That by reason of said assessment and the proceedings under which the same is based, the said city claims a lien upon the said property of the plaintiff; and that such claim of lien is illegal and void and is a cloud upon the title of plaintiff to said real property, and that unless restrained by order of this court the said city, through its officers and agents, will proceed to sell the right, title and interest of plaintiff in said real estate so assessed, and by such sale will do this plaintiff irreparable injury and damage.

"IX.     That all the proceedings had by the said defendant, the city of Olympia, its officers, contractors and sub-contractors, and all persons acting or pretending to act for and on behalf of the defendant, the city of Olympia, in making said alleged fill, were without authority of law and void; and that the said assessments so levied upon said property of the

plaintiff are illegal, inequitable, unjust, oppressive and void, and have created an illegal, unjust and inequitable lien and cloud upon the plaintiff's title to his aforementioned property for the following reasons, to wit:

"(1)    The said assessment takes from the plaintiff his property without due process of law.

"(2)    There is no authority in law whereby the said city obtained any right under said resolution, ordinance and the various proceedings had thereunder and by virtue thereof, to interfere with or fill any private property.

"(3)    There is no authority in law whereby the said city can levy an assessment upon any private property to pay for such interference with, and filling of private property by the said city, its officers, contractors and subcontractors.

"(4)    The fill in question was for a private use, and the making thereof was contrary to law.

"(5)    The said assessment levied against the said property of the plaintiff was contrary to law."

The improvement made by the city was the filling of certain tide lands or mud flats which lay within the boundaries of the city. The proceedings were had under the act of the legislature of March 7, 1909 (Laws 1909, ch. 147, p. 569; Rem. & Bal. Code, § 7971), the first section of which provides that "whenever the city council of any city of the second and third class shall deem it necessary or expedient on account of the public health, sanitation, the general welfare, or other cause, to fill or raise the grade or elevation of any marsh lands, swamp lands, tide lands, or lands commonly known as tide flats, . . . such city council shall have power so to do, etc." The city ordinance authorizing the improvement recites that the city council of the city of Olympia deems it "necessary and expedient on account of the public health, sanitation, the general welfare, and the general improvement of the property located within the boundaries hereinafter described," that the same be filled, graded, and the elevation raised, etc.

It is the appellant's first contention that the ordinance

is insufficient to authorize the work. This contention is founded on the last clause of the recital in the ordinance which sets forth the necessity for the fill. He argues that a fill for "the general improvement of the property" is a fill for a private and not a public purpose, and hence, an insufficient ground on which to base the exercise of the power conferred by the statute. But we cannot think this objection fatal to the ordinance. Were the reason assigned in the phrase quoted the sole reason that induced the city council to order the improvement, there would be merit in the contention. But it is not the sole reason. The ordinance recites that the fill is deemed necessary and expedient on account of the public health, sanitation and the general welfare, as well as for the reason to which the appellant objects. These are public purposes, and sufficient in themselves to authorize the work. *Bowes v. Aberdeen,* 58 Wash. 535, 109 Pac. 369, 30 L. R. A. (N. S.) 709. The recital in addition thereto of an insufficient purpose does not render the ordinance void.

The appellant's lands were within the assessment district created by the ordinance, although not a part of the tide lands ordered to be filled; and his second contention is that the act authorizing the making of the improvement limits the power of assessment to property actually filled. But we cannot so read the act. The act is too long to be set forth here, but plainly it permits the assessment to cover all property benefited by the improvement regardless of the question whether the benefited property is or is not specifically improved.

The appellant next contends that the city should have been compelled to take issue on the allegation of the complaint to the effect that the appellant's lands are not benefited by the improvement. But this allegation raises no issuable fact. The act provides that an assessment roll shall be made of all property in the assessment district, which roll shall be filed in the office of the city clerk; that the city clerk shall

give notice by publication of the time when the roll will be brought on for hearing before the city council, which will sit as a board of equalization to hear and determine objections and protests against the roll; that the council shall have power as such board to "make such alterations and modifications in the assessment roll as justice and equity may require;" that any person who has made objections to the assessment roll shall have the right to appeal from the equalization, as made by the city council, to the superior court of the county in which the city making the improvement is situated, and from the judgment of the superior court, the right to appeal to the supreme court as in other causes. Laws 1909, p. 573, §§ 6, 7; Rem. & Bal. Code, §§ 7976, 7977. It was the evident purpose of the legislature by these provisions to make the city council the court of original jurisdiction to hear and determine objections to the correctness of the assessment roll, and to leave to the courts the exercise of appellate jurisdiction only over the matter. While the act does not in terms make the decision of the city council as to the correctness of the assessment roll final and conclusive if not appealed from, we think that it makes the decisions of that body final in the sense that its orders and decisions can be set aside only for excessive or exorbitant overvaluation, fraud, or arbitrary or capricious action on the part of the officers in making the assessment; analogous to the orders and decisions of the board of county commissioners, sitting as a board of equalization, with reference to the general tax roll. *Templeton v. Pierce County,* 25 Wash. 377, 65 Pac. 553. Here there is no charge in the complaint that the proceedings leading up to the assessment are irregular or insufficient, nor is it charged that the officers making up the assessment roll or the city council when it considered it sitting as a board of equalization acted fraudulently or capriciously or otherwise than in a conscientious endeavor to do their duty. The presumption

of regularity therefore obtains to all of the proceedings, and we cannot think it overcome by the mere allegation of the pleader to the effect that particular property found by the assessing officers and the city council to be benefited by the improvement in a given sum, is not so benefited. Some additional fact tending to show capricious or arbitrary action on the part of the assessing officers because of which the amount returned does not represent their honest judgment, some fact which shows that the allegation of want of benefit to the property is founded on something more than a mere difference of opinion between the taxing officers and the pleader, must be alleged before that result follows.

Nor is the allegation aided by the further allegation to the effect that the appellant had no actual notice of the fill until long after the same had been completed and had no notice of the city's intention to make an assessment upon his property until after the assessment had been made. There being no allegation to the contrary, the presumption is that the city gave the notice the statute requires to be given, and if the notice prescribed does not in all instances give actual notice, the fault is in the law itself and not in the act of the officers who comply therewith. That the law is sufficient in this respect was held by us in *Bowes v. Aberdeen, supra.*

The allegations contained in the ninth paragraph of the complaint quoted set up no issuable fact. These are but the conclusions of the pleader drawn from the facts previously set forth.

The complaint does not state a cause of action, and the judgment appealed from will stand affirmed.

DUNBAR, C. J., MOUNT, and ELLIS, JJ., concur.