[No. 12342.    Department One.    January 25, 1915.]

H. G. Richardson *et al.*, *Appellants*, v. The City of
Olympia, *Respondent*.[1]

Municipal Corporations—Improvements—Assessments — Juris-
diction—Finding of Necessity — Conclusiveness.    An assessment
for the purpose of filling lowlands in cities of the second and third
classes, under Rem. & Bal. Code, § 7971 *et seq.*, authorizing it when-
ever the city council shall deem it necessary or expedient on ac-
count of the public health, sanitation, etc., cannot be attacked as
beyond the jurisdiction of the council from the fact that it was not
necessary for the public health or sanitation, where the record
shows that the council did determine this question of its jurisdic-
tion by finding the necessary facts to exist; since the question of
necessity is, in the first instance, a legislative question, and conclu-
sive on collateral attack; Rem. & Bal. Code, § 7905, prohibiting the
setting aside of such assessments except on the ground of fraud.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered February 2, 1914, dismiss-
ing consolidated actions to quiet title, after a trial on the
merits to the court.    Affirmed.

*Frank C. Owings*, *Troy & Sturdevant*, and *Tucker &
Hyland*, for appellants.

*George R. Bigelow* (*Peters & Powell*, of counsel), for
respondent.

Holcomb, J.—Appellants are the owners of certain prop-
erty within alleged assessment districts created by the re-
spondent city.    The lands owned by the appellants Richard-
son were entirely covered with water at flood tide, and prac-
tically bare at low tide.    A portion of the lands of appellant
Owings, consisting of two lots, was in the same condition,
while the remainder of the lots were above the line of ordin-
ary high tide, but on extraordinary tides at rare intervals,
this remainder was also covered by water.    Respondent city,

[1]Reported in 145 Pac. 963.

purporting to act under the authority of chapter 147, page 569, Laws 1909 (Rem. & Bal. Code, § 7971 *et seq.* [P. C. 77 § 853]), created two assessment districts for the purpose of filling in these properties, together with a large amount of surrounding and contiguous land.

The city proceeded regularly to make the assessments, passed its resolutions of intention to improve, and its ordinances creating the districts, fixed the time for the hearing of protests, and gave notice of such hearing, let its contract to a dredging company, and, after the completion of the work, assessed the entire cost of the alleged improvements upon all of the lots and blocks situated in the respective districts. After this had been done, but before any of the installments of said assessment had matured, appellants brought separate suits against the city to quiet their title to, and to remove the cloud occasioned by said assessments from, their respective properties. Respondent answered the complaint, setting forth in detail the steps taken by the city to perfect its liens under said assessments. Appellants replied, denying the validity of the assessments. On stipulation of the parties, the two causes were consolidated for the purposes of trial. At the trial, respondent and appellants stipulated as to the record facts of the assessment, and appellants produced the testimony of two doctors, of long residence in Olympia and of long familiarity with the lands in question, to the effect that no unsanitary conditions existed in or about the properties of appellants prior to the fills, or in fact anywhere along the water front of the city where the fills were made, and that there had been no epidemics along the water front not common to the city as a whole. This testimony was uncontroverted. The lower court gave judgment for respondent, and directed a dismissal of both actions. Such judgment was duly entered in both actions, and each appellant gave separate notice of appeal and filed a separate cost bond on appeal. Thereafter, by stipulation between the parties, said causes were consolidated on appeal

so as to have but one transcript, one statement of facts, one set of briefs, and one oral argument.

There is no dispute as to the facts. The questions presented are purely questions of law. Appellants assign as error: (1) The court erred in entering its judgment of dismissal; (2) The court erred in not entering judgment in favor of appellants, quieting title in them as against the pretended lien of such special assessment and removing the cloud upon their titles thereby created.

Appellants concede in their brief that, "for the purpose of this appeal, the court may assume that all of the record proceedings before the city council were regular." This being so, the question before the court for determination is the jurisdiction of the council to make assessments. In both cases exactly the same questions arise. Appellants made no appearances before the city council, so that, if the council had jurisdiction, the judgment of the lower court must be affirmed.

Chapter 147, page 569, Laws 1909 (Rem. & Bal. Code, § 7971 *et seq.*), provides for the improvement of lowlands in all cities of the second and third classes in this state, "whenever the city council shall deem it necessary or expedient on account of the public health, sanitation, general welfare, or other causes." This act has been before this court for interpretation and construction on two occasions: *Bowes v. Aberdeen*, 58 Wash. 535, 109 Pac. 369, 30 L. R. A. (N. S.) 709; *Martin v. Olympia*, 69 Wash. 28, 124 Pac. 214.

In the *Aberdeen* case, the constitutionality of the act of 1909 was attacked and was upheld in the decision, upon the ground that it was within the police power of the state to allow cities to fill lowland where unsanitary conditions exist and the same constitute a menace to the public health. In the *Olympia* case, the validity of local improvement ordinances such as the ones under consideration was upheld. The appellants contend it is clear from the reasoning in the fore-

going cases that, if the statute attempts to confer this power upon such cities where no unsanitary conditions exist, the same is unconstitutional. They further contend that the testimony of the physicians in the instant cases, being uncontroverted, establishes beyond question the facts so testified to, and therefore that the conditions which would have authorized the council to provide for the improvements involved herein did not exist.

The statute of 1909 referred to, in § 8 makes all existing provisions of the act for the levying and collecting of assessments for public improvements applicable to the proceeding under this statute. The Laws of 1905, ch. 150, page 281 (Rem. & Bal. Code, § 7905 *et seq.*) entitled: "An act to validate assessments made, or which may be made, to pay for local improvements by an incorporated city in this state, and to prohibit the setting of such assessments aside or declaring the same invalid upon any ground other than upon the ground of fraud," is probably applicable to these proceedings. This court, construing that act in *Real Estate Inv. Co. v. Spokane,* 59 Wash. 416, 109 Pac. 1057, held that this act in effect precluded all collateral attacks upon local assessments save on the ground of fraud.

In the record put in by the respondent, it appears by the ordinance that the city did find that the facts exist with reference to that portion of the city of Olympia justifying the improvements in question. It is a well established principle that the question of the necessity of improvements in the nature of public improvements is, in the first instance, a legislative question to be determined by the legislative body, and does not become a judicial question except when the method pursued is irregular and subjects the body to judicial investigation or when the proceedings are based upon fraud. On collateral attack it will be conclusively presumed that the city council found the existence of the conditions justifying the improvement, and that such findings were cor-

rect. *Tumwater v. Pix*, 18 Wash. 153, 51 Pac. 353; *State ex rel. Pagett v. Superior Court*, 47 Wash. 11, 91 Pac. 241.

The contention of appellants here is, not that the city of Olympia did not have power to fill these tide lands as a sanitary measure, but that, having this power, the occasion which justified it did not arise, because it was not necessary or expedient from a sanitary standpoint. Whether such condition of expediency and necessity existed, however, was one of the things that the council was required to determine in the first instance. Under the act, the council had authority to determine these matters, and furthermore it was its duty so to do.

"If power exists the question whether a public improvement is necessary or expedient is considered a legislative one and is for the determination of the municipal legislative body, and the courts will not review their decision in this regard." 4 McQuillin, Municipal Corporations, p. 4289.

See, also, *Camden v. Mulford*, 26 N. J. L. 49.

"Courts will not inquire into the motives of legislators where they possess the power to do the act and it has been exercised as prescribed by the organic law. In such case the doctrine is that the legislators are responsible alone to the people who elect them." 2 McQuillin, Municipal Corporations, § 703.

See, also, *Wood v. Seattle*, 23 Wash. 1, 62 Pac. 135, 52 L. R. A. 369; *Doyle v. Continental Ins. Co.*, 94 U. S. 535; *Shepard v. Seattle*, 59 Wash. 363, 109 Pac. 1067, 40 L. R. A. (N. S.) 647; 1 Abbott, Municipal Corporations, p. 283.

Finding no error, the judgments are affirmed.

Morris, C. J., Mount, Chadwick, and Parker, JJ., concur.