[No. 7121.   Decided March 23, 1908.]

CARRIE C. MATHEWS, *Respondent*, v. WILLIAM WAGNER,
*Appellant.*[1]

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—ENFORCEMENT—
LIMITATION OF ACTIONS.   Under Laws 1895, p. 270, the statute of
limitations does not run against an action to enforce a lien for a
special improvement assessment until ten years after the last in-
stallment of the assessment falls due.

SAME—LIMITATION OF ACTIONS—STATUTES—REPEAL BY IMPLICA-
TION.   Laws 1903, p. 26, amending the general statutes of limitations
by adding the proviso exempting actions brought for the benefit of
municipalities or the state, does not impliedly repeal the special act
of 1895, p. 270, providing a limitation for the bringing of actions to
enforce liens for local improvement assessments.

SAME—DELINQUENT ASSESSMENTS—RIGHTS OF HOLDER—SUBROGA-
TION.   The holder of delinquency certificates issued by a city for
overdue installments on local improvement assessments is subro-
gated to the rights of the city as to liens therefor upon the land,
and may assert the liens against an action to quiet title.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered August 1, 1907, in favor of the
plaintiff, upon overruling a demurrer to the complaint, in an
action to quiet title.   Reversed.

*Todd, Wilson & Thorgrimson*, for appellant.
*Smith & Cole* and *F. D. Chamberlain*, for respondent.

MOUNT, J.—The respondent brought this action to remove
a cloud from her title to a certain lot in Seattle.   The appel-
lant demurred to the amended complaint on the grounds that
there was a defect of parties defendant, and that the com-
plaint did not state facts sufficient to constitute a cause of
action.   The lower court overruled this demurrer, and the
defendant stood thereon, and a judgment was entered as
prayed for.   This appeal is prosecuted from that judgment.

[1]Reported in 94 Pac. 759.

The appellant contends here that the court erred upon both grounds. The facts stated in the amended complaint are substantially as follows: In 1894 the city of Seattle duly levied a special assessment in the sum of $98 against respondent's lot, for the improvement of Harrison street, as provided for by a city ordinance creating local improvement district No. 80. This assessment was made payable in ten annual installments, on the 7th day of November in each year, beginning with the year 1895. In 1899 the city levied another special assessment in the sum of $115.27, against the same lot, to pay for the improvement of Second avenue north, as provided for by an ordinance creating local improvement district No. 193. This assessment was payable in one sum on July 21, 1899. None of these assessments were paid when they became due, and the city treasurer thereafter certified the same to the county treasurer for collection. The payments for the years 1895-6-7-8-9, on the assessment for district No. 80, and the whole of the $115.27 assessment being delinquent, the appellant, William Wagner, on December 7, 1900, paid the whole of the amount due, with interest, amounting to $283.86, and the county treasurer issued to the appellant a certificate of delinquency therefor. Thereafter the installment for the year 1900 became due and, not having been paid, was certified by the city treasurer to the county treasurer for collection, and in the year 1901 this delinquency was paid by appellant under his certificate. The same course was pursued as to the installment due in 1901. Appellant also paid the general taxes for the years 1902 and 1903, and is now the owner and holder of the certificate of delinquency above referred to, upon which he has paid the sum of $356. The respondent thereafter paid the remaining installments due on the assessments, and the general taxes levied after the year 1903. Prior to the bringing of this action, the respondent tendered to the county treasurer of King county the sum of $71.05, in full payment and redemption of assessment installment due in 1901, and the general taxes for the years

1902-3, paid by appellant under his certificate of delinquency as above stated. The county treasurer refused to accept this tender and thereafter, on April 23, 1906, this action was begun and the amount of this tender was paid into court for the appellant. The amended complaint then alleges that the two-year statute of limitations has run against the enforcement of these liens created by the assessments, and against the payment made by the appellant, except those for which tender was made, and that such liens cannot, therefore, be enforced against the respondent's lot, and are a cloud upon her title. The theory of the complaint is that the two-year statute of limitations has run against the appellant's claim. If this theory is not correct, it follows that the action cannot be maintained.

This court in *Spokane v. Stevens*, 12 Wash. 667, 42 Pac. 123, held that the two-year statute of limitations applied to actions by municipal corporations for the foreclosure of liens created by an assessment for street improvement purposes, where no different limitation had been prescribed for such actions. That case was followed in subsequent cases. See *Seattle v. De Wolfe*, 17 Wash. 349, 49 Pac. 553. But the act of 1895, Laws of that year, page 270, was passed especially to extend the time within which actions might be brought to enforce special assessments. It provides that actions to enforce such liens shall be commenced "within ten years after the last installment of any such special assessment shall have become delinquent or due when said special assessment is payable in installments." This statute is clear and explicit and was passed while *Spokane v. Stevens* was pending in this court, and was evidently passed in anticipation of the decisions which were made as above stated. It is a special statute prescribing the time within which actions may be brought for the collection of special assessments for local improvements. Respondent seeks to avoid this statute by arguing that it was repealed by the act of 1903, Laws 1903, p. 26.

This last-named act is an amendment to Bal. Code, § 4807 (P. C. § 291). It is as follows:

". . . Section 35 (Bal. Code, § 4807). The limitations prescribed in this act (chapter) shall apply to actions brought in the name or for the benefit of any county or other municipality or quasi municipality of the state, in the same manner as to actions brought by private parties: *Provided*, That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: *And further provided*, That no previously existing statute of limitation shall be interposed as a defense to any action brought in the name of or for the benefit of the state, although such statute may have run and become fully operative as a defense prior to the adoption of this act, nor shall any cause of action against the state be predicated upon such a statute. An action shall be deemed commenced when the complaint is filed." Laws 1903, p. 26.

This is a general statute. It does not purport to repeal any other statute. It simply amends the general statute by adding the two provisos contained therein, and it has no reference to the act of 1895, or any other special statute.

"Repeals by implication are not favored. A statute will not be construed as repealing prior acts, in the absence of express words to that effect, unless there is an irreconcilable repugnancy between them, or unless the new law is evidently intended to supersede all prior acts on the matter in hand, and to comprise in itself the sole and complete system of legislation on that subject." *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107.

See, also, *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91.

The two acts are not in conflict, and it is clear that the act of 1903 was not intended to modify the act of 1895 in any respect. It does not repeal the former statute. The statute of limitations, therefore, has not run against the lien for street improvements in this case, and will not do so until ten years after the last installment of the assessment becomes due.

It is claimed by respondent that the appellant cannot avail himself of the rights of the city, but under the rules in *Pack-*

*wood v. Briggs*, 25 Wash. 530, 65 Pac. 846, and *Denman v. Steinbach*, 29 Wash. 179, 69 Pac. 751, this contention is without avail, because the appellant is subrogated to the rights of the city, and the appellant cannot maintain this action until the lien is discharged. With this view of the case we need not discuss the other questions presented. For the reason that the assessments set out in the amended complaint constitute a valid lien upon the respondent's lot, she cannot maintain this action until the lien is discharged.

The judgment is therefore reversed, and the cause remanded with direction to dismiss the action.

HADLEY, C. J., ROOT, FULLERTON, and CROW, JJ., concur.