[No. 7763.   Decided August 26, 1909.]

THE CITY OF SEATTLE, *Respondent*, v. ALPHEUS BYERS *et al.*,
*Appellants.*[1]

EMINENT DOMAIN—NECESSITY FOR STREETS—DETERMINATION BY
CITY COUNCIL. The city council is the proper authority for deciding
the necessity of condemning land for a public street.

SAME—CONDEMNATION FOR STREETS—PUBLIC USE. When the city
council has determined by ordinance that the taking of certain prop-
erty is necessary for the purposes of a public street, and directed its
condemnation, the court must find that the taking is for a public
use, although Const., art 1, § 16, makes the question a judicial ques-
tion only.

SAME—DAMAGES—EVIDENCE—REMOTENESS. In condemnation pro-
ceedings of a strip of land between a street and a cul de sac, evidence
of the value which the land would have if the cul de sac should be
vacated in the future, is inadmissible on the subject of damages,
being too remote and speculative.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered April 10, 1908, adjudging a
public use and awarding damages for land taken in con-
demnation proceedings, after a trial before the court and a
jury.   Affirmed.

*Byers & Byers* and *McBurney & Cummings*, for appellants.
*Scott Calhoun* and *Howard A. Hanson*, for respondent.

CROW, J.—This action was commenced in the superior
court of King county, by the city of Seattle against Alpheus
Byers and others, to condemn certain real estate for a street.
The court adjudged a public use; damages were awarded by
a jury; judgment was entered thereon, and the defendants
have appealed.

The appellants contend that the trial court erred (1) in
excluding evidence offered for the purpose of showing that
the land was not being condemned for a public use; (2) in

[1]Reported in 103 Pac. 791.

holding that the condemnation was for a public use; and (3) in excluding evidence offered by appellants to show value.

Several years prior to the commencement of this action, the city of Seattle condemned a strip of land sixty-six feet wide, through lots owned by appellants, for the opening of a street called Seventh avenue north, such street running north and south. After the condemnation, appellants had remaining of their lots a strip of land to the west of this street about eight feet wide, east and west, by one hundred and twenty feet long, north and south; that west of this strip and contiguous thereto was a short street known as Seventh avenue, running north and south for about one hundred and twenty feet in the form of a *cul de sac*, and opening on Highland drive, which running east and west intersected it, and also intersected Seventh avenue north. It will thus be seen that the *cul de sac* known as Seventh avenue was only separated from Seventh avenue north by the eight-foot strip of land belonging to appellants. The record shows that the city is in this action attempting to condemn the strip of land so as to consolidate the *cul de sac* with Seventh avenue north, thereby making the latter wider at this point by about sixty-eight feet than it will be at any other. Appellants contend that from this situation it becomes manifest that the strip of land sought to be taken is not needed for street purposes, that it is not in fact being taken for any such purpose, and that the use for which it is being taken is not public. The city council by ordinance determined that the strip was necessary for a public use as a street, and ordered its condemnation therefor. In taking this action it, as the proper authority, decided the necessity for opening the street and taking the land. While it is true, as appellants contend, that the question whether the contemplated use of the property is public is a judicial question only, under § 16 of art. 1 of the state constitution, this court has held that the use of property for a street or a highway is necessarily public, and the trial court

could not have held otherwise: *State ex rel. Schroeder v. Superior Court*, 29 Wash. 1, 69 Pac. 366; *State ex rel. Thomas v. Superior Court*, 42 Wash. 521, 85 Pac. 256.

When the trial court found the fact to be that the city council, in the lawful exercise of its legislative functions, had passed an ordinance authorizing and directing the condemnation of the land for use as a street, it then properly and judicially determined and found that the proposed taking was for a public use.

Appellants further contend that the trial court erred in excluding evidence offered by them to show the value of the land taken. They attempted to show that, if the *cul de sac* known as Seventh avenue should at some indefinite time in the future be vacated by the city, appellants' land would become much more valuable, as they would then, by reason of their present ownership, secure additional property now included in the *cul de sac*. This evidence was speculative, being based upon the remote possibility of a future occurrence, and could not properly be considered in estimating value.

We find no prejudicial error in the record. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, FULLERTON, and CHADWICK, JJ., concur.