[No. 7752. *En Banc.* September 30, 1909.]

## *In re* MERCER STREET, SEATTLE.

## THE CITY OF SEATTLE, *Respondent*, v. O. B. LITTELL *et al.*, *Appellants*.[1]

EMINENT DOMAIN—DAMAGES—APPEAL—REVIEW. The verdict of a jury, awarding damages in a condemnation case, will not be disturbed on appeal when supported by any competent evidence and the jury viewed the premises.

SAME—STREETS—PUBLIC USE AND NECESSITY. When the city council, by due ordinance, directed the improvement of streets, the court must determine that the improvement was a public necessity and for a public use.

EVIDENCE—EXPERTS. Objections going to the weight rather than the competency of expert evidence are properly overruled.

SAME—DAMAGES—EVIDENCE. Upon an issue as to compensation in condemnation proceedings, where damages were claimed by reason of loss of business while buildings were being raised to a new street level, evidence is admissible of the cost of an abutment on the street line which would permit of the use of the buildings without raising them.

SAME—IMPROVEMENT OF STREETS—RESTRICTION—JUDGMENT. In condemnation proceedings, where damages were claimed by reason of the raising of surrounding streets, on two of which approaches were proposed, extending not exceeding four hundred feet, plans, drawings and the testimony of the city engineer that the approaches were to extend but 163 feet, amount to a stipulation to that effect, and entitles the owner to have the restriction inserted in the judgment awarding damages by reason of the improvement with the approaches restricted to 163 feet.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 24, 1908, upon the verdict of a jury assessing damages in a proceeding to condemn land for street purposes. Modified.

*Harold Preston* and *Thomas T. Littell*, for appellants.

*Scott Calhoun, H. D. Hughes*, and *O. B. Thorgrimson*, for respondent.

[1] Reported in 104 Pac. 133.

CROW, J.—On January 6, 1908, the council of the city of Seattle passed Ordinance No. 17,764, to improve Mercer street, and to provide for the ascertainment and payment of just compensation to the abutting property owners for damages caused thereby. Afterwards, in this condemnation proceeding, prosecuted under the eminent domain act, the defendants O. B. Littell and wife, as owners of abutting lots, were awarded $1,600 damages by the verdict of a jury, and they have appealed from the judgment entered thereon.

The appellants own four lots fronting on the north side of Mercer street, extending through one entire block from Boren avenue north, on the east, to Terry avenue north, on the west. Their lots are located in a natural basin or depression near Lake Union. Mercer street is approximately on a level grade in front of the lots, but proceeds up grade toward Westlake avenue to the west, and also towards Eastlake avenue to the east. Republican, the next street south of and parallel to Mercer, has been raised and regraded. By the improvement of Mercer street the city intends to provide an easier grade extending a number of blocks from Westlake avenue to Eastlake avenue. Upon appellants' lots is a sash and door factory, consisting of several buildings equipped with machinery. Their present elevation is about three and one-half feet above Mercer street. The proposed improvement will necessitate the raising of Mercer street about fifteen feet at Boren avenue, and about ten feet at Terry avenue, which will leave the buildings from eight to twelve feet below grade, according to their respective locations. The proposed improvement also provides for approaches to Mercer street to be constructed and graded on Boren avenue and Terry avenue, immediately east and west of appellants' lots. The substantial effect of the entire improvement when completed will be to leave the appellants' lots in a basin inclosed by the surrounding streets.

By their answer appellants claimed damages in the total sum of $35,000. The city contended that their property

would be benefited in the sum of $10,000, and that the damage to their buildings would not exceed $4,000. Several assignments of error are presented, but it is evident that the main contentions upon which the appellants rely for a reversal are that the verdict is not warranted by the evidence, that damages should have been awarded in the sum of at least $30,000, and that a new trial should have been granted. Having carefully examined the evidence, we conclude that it was sufficient to sustain the verdict.

The appellants most strenuously insist that the undisputed evidence requires a much larger assessment of damages. We cannot, within the scope of an opinion of reasonable length, enter upon a detailed discussion of the evidence, which is voluminous, but will touch upon salient points only. Appellants' manufacturing plant includes a sash and door factory fronting on Mercer street, an engine room, boiler room, warehouse, dry kiln, office, barn, platforms, approaches, and other structures; all of which will be left below grade, and will either have to be raised or changed and protected in some other manner.

It appears that the proposed improvement is part of an extensive scheme by which a general regrading is being made throughout the locality in which appellants' lots are situated. The city contended the appellants' lots will be peculiarly and especially benefited to the extent of $10,000, by the improvement, and produced expert witnesses who so testified, while other city witnesses testified that for about $4,000 the buildings and machinery could be raised and readjusted. The city, therefore, insisted upon the trial that the benefits would exceed the damages, and that a verdict of no damages should be returned. The appellants introduced expert witnesses who testified that the lots would be damaged by the improvement in the sum of $10,000; that it would require an expenditure of about $29,000 to raise the buildings and readjust the machinery; that the plant would have to remain idle for about six months while such changes were being made, to

appellants' additional damage in the sum of $7,200, for loss of business profits. The jury inspected the property and its surroundings.

Proceeding upon the theory that most of the evidence offered by the city was incompetent and should have been stricken, appellants contend that their evidence was undisputed, and that the verdict should have been for a much larger sum. We think the evidence offered by the city, and admitted by the trial judge, was competent; and that appellants' only objections to such evidence were in effect addressed to its weight rather than its competency. If the jury accepted and credited the evidence offered by the city, as they were entitled to do, it was sufficient not only to sustain the verdict returned, but even one of no damages. This being a condemnation proceeding in which the jury not only heard the evidence, but also viewed the property, and their verdict having been sustained by the trial judge, an utter absence of evidence to support it would be our only justification for granting a new trial.

The question presented for our consideration is, not what our own conclusion from the evidence would be, but whether the conclusions of the jury as expressed in their verdict must stand. An appellate court should hesitate before setting aside the verdict of a jury in a condemnation case, and it will only make such order when it clearly appears that the verdict is unjust and unsupported by any competent evidence. 7 Ency. Plead. & Prac., 593-4; *In re East Spring Street*, 41 Wash. 366, 83 Pac. 242; *Conness v. Indiana etc. R. Co.*, 193 Ill. 464, 62 N. E. 221; *Fort Street Union Depot Co. v. Jones*, 83 Mich. 415, 47 N. W. 349; *Hartman v. Reading & P. R. Co.* (Pa.), 13 Atl. 774.

On a pure question of fact, such as is here presented, it is evident that the jurors who heard the witnesses and examined the property and were familiar with the situation and all of its surroundings, are much better qualified to estimate the damages to be awarded than this court would possibly be,

and the right to fix such damages being exclusively within the province of the jury, their verdict should not be disturbed except for the want of competent evidence to support it, for good cause.

Appellant contends that the trial court erred in declaring the improvement to be a public necessity, and one for the public use. The city council, by ordinance, directed the improvement to be made, and the condemnation proceedings to be instituted. Their purpose was to improve the street for the public use. They, in the first instance, had legislative authority to decide upon and determine the public necessity for such improvement. When evidence was presented showing that the ordinance had been properly passed, the trial court, in the exercise of its judicial functions, determined that the proposed improvement was a public necessity and for the public use. Under our previous rulings no other adjudication could have been made. *State ex rel. Schroeder v. Superior Court*, 29 Wash. 1, 69 Pac. 366; *State ex rel. Thomas v. Superior Court*, 42 Wash. 521, 85 Pac. 256; *Seattle v. Byers*, 54 Wash. 518, 103 Pac. 791.

Appellants moved the trial court to strike the testimony of three contractors whom the city produced as expert witnesses to show the probable expense of raising the buildings and readjusting the machinery, and now contend that the trial court erred in denying such motion. The objections made went to the weight of their evidence rather than its competency, and were properly overruled. Evidence was introduced by the city, and was admitted over appellants' objection, to show the cost of building an abutment on the curb line of Mercer street so as to protect appellants' buildings without raising them, and thus permit the continuation of the operation of the factory. This evidence was introduced for the purpose of showing one method which the city claimed could be adopted to lessen appellants' damages, and still enable them to continue their business. It was for the jury to determine whether the plan suggested was reasonable

or practicable, and we are unable to conclude that prejudicial error was committed by its admission.

Exceptions are also based upon instructions given and refused. Without entering upon their discussion, we find that the instructions given correctly stated the law, and that in the light of the issues and the evidence, they properly presented all points covered by the instructions requested.

The ordinance as passed provided for the construction and grading of approaches to Mercer street on Terry avenue for a distance back from Mercer street not exceeding four hundred and twenty-four feet. On the trial, the city, by drawings introduced as exhibits, and by the testimony of its engineer, showed that the grade of the approach actually to be constructed upon Terry avenue would not extend further than one hundred and sixty-three feet back from Mercer street, and the jury had such evidence before them for consideration in fixing the damages. The appellants, in the proposed form of judgment prepared and presented to the trial court for signature, caused the following restriction to be inserted:

"And provided further that no fill on said Terry avenue north of said Mercer street shall be made except a slope or grade running from said Mercer street north on said Terry avenue not to exceed 163 feet, until further proceedings for ascertaining and paying to said O. B. Littell and wife such damages as they may sustain by any further fill, grade or regrade be had as provided by law."

This restriction was stricken by the trial judge, and the appellants now contend that error was thereby committed. We think this contention should be sustained. The city's action during the trial amounted to a stipulation then made, to the effect that it would not extend the grade on Terry avenue further than one hundred and sixty-three feet north from Mercer street. While it is true that in a few questions propounded by the appellants to one or two of their witnesses some reference was made to a grade not exceeding four hundred and twenty-four feet, the entire record shows

that one hundred and sixty-three feet only was contemplated. This error is not of such a character as to require a new trial.

It is ordered that the final judgment be modified by inserting therein the words above quoted, which were stricken by the trial court. Otherwise the judgment as rendered will stand affirmed. The appellants will recover their costs in this court.

RUDKIN, C. J., CHADWICK, GOSE, MOUNT, and FULLERTON, JJ., concur.