[No. 10272. Department One. August 20, 1912.]

THE CITY OF TACOMA, *Respondent*, v. H. H. BROWN *et al.*, *Appellants.*[1]

EMINENT DOMAIN—STREETS—PUBLIC NECESSITY—DETERMINATION BY CITY COUNCIL—REVIEW. The determination by the city council of the necessity for extending or widening streets being conclusive on the courts, no prejudice results from an *ex parte* order of court declaring the necessity, or from an order striking answers setting up a lack of public necessity, the city council having determined the question.

SAME—PUBLIC NECESSITY—USE BY RAILROAD. The widening of a street to be given over in part to a railway company is a public use, and will not be reviewed by the courts in the absence of positive fraud.

SAME—DAMAGES—VERDICT—REVIEW. The supreme court will not substitute its judgment for that of the jury as to the damages

[1]Reported in 125 Pac. 940.

awarded in condemnation, especially where the jury viewed the property.

APPEAL—REVIEW—OBJECTIONS WAIVED. Objections to the form of the verdict cannot be urged. on appeal where counsel waived the same below when the verdict was received.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 2, 1912, upon the verdict of a jury awarding damages for property condemned. Affirmed.

*L. C. Whitney* and *Browder D. Brown,* for appellants.

*T. L. Stiles, F. R. Baker,* and *F. M. Carnahan,* for respondent.

CHADWICK, J.—This is an appeal from an award of damages for the taking of certain property by the city of Tacoma. Two questions are raised on this appeal. The one is that the property so taken is not taken for a public use, and that the parties appellant have been deprived of an opportunity for a hearing upon that question; the other, that the damages are insufficient to compensate appellants, and that the form of the verdict does not conform to the statutory requirements. The necessity for the taking of appellants' property was declared by ordinance, and thereafter a petition was filed in the superior court asking that the court declare a public necessity and that it thereupon call a jury to assess damages.

We take it that this proceeding was instituted under the Laws of 1907, ch. 153, page 316 (Rem. & Bal. Code, § 7768 *et seq.*). If this be so, appellants have not been deprived of any right recognized or guaranteed by law because, as it is contended, the order of necessity was made by the court at a time when they were not present and a motion to make more definite and certain was pending. Nor were they prejudiced by the fact that the court upon motion struck their answers setting up a lack of public necessity; for the law is that, if the city has jurisdiction to extend or widen its streets for any

purpose, the determination of the question of public necessity by the municipal officers is conclusive upon the courts, in the absence of fraud. This rule has been laid down in many cases, all of which are collected and referred to in *Tacoma v. Titlow*, 53 Wash. 217, 101 Pac. 827. We cannot, therefore, review either the will of the council in passing the ordinance under which the work was to be done, or the judgment of the court in holding the use to be public.

It is insisted that the purpose of the city is not to serve the convenience of travel, but rather to so widen the street as to permit a railway company having a franchise thereon to double its tracks. While we doubt whether this question is properly before us, it would not follow that it would be a fraud upon the rights of the property owner if it were so. Streets in cities must of necessity be given over at times to the use of railways and transportation companies. Such use is itself a public use, and this court has held that the necessity for giving over a part of the public streets to railway companies is not, because of that reason alone, a fraud upon the property owner; and the act of the council will not be reviewed or called in question in the absence of positive fraud, when so made by the courts. *Freeman v. Centralia*, 67 Wash. 142, 120 Pac. 886.

The only question remaining is the amount and distribution of the damages. This court has uniformly held that it will not substitute its judgment for that of the jury as to the amount of damages; especially so, when there was a view of the property. *In re Mercer Street*, 55 Wash. 116, 104 Pac. 133. As to the distribution of the award, the verdict was not in proper form; but upon a statement by the foreman of the jury that the award was intended to cover all damages suffered by the appellants, their counsel stated that no question as to the form of the verdict would be made. Whereupon the trial judge announced that he would not send the jury back to correct their verdict. Appellants are not, therefore, in position to question the verdict.

We find no error in the record, and the judgment of the lower court is affirmed.

PARKER, CROW, and GOSE, JJ., concur.