[No. 12586.   Department One.   September 8, 1915.]

E. B. WHITE *et al.*, *Appellants*, v. THE CITY OF NORTH
YAKIMA *et al.*, *Respondents.*[1]

STATUTES—IMPLIED REPEAL.  To work a repeal by implication,
the later statute must be irreconcilable with and cover the whole
subject-matter of the former act.

STATUTES—CONSTRUCTION.  Statutes *in pari materia* will be read
together, and so as to produce a harmonious system if possible, the
presumption being that the new law was enacted with reference to
former laws.

MUNICIPAL CORPORATIONS — IMPROVEMENTS—"ARTERIAL STREETS"—
STATUTES.  3 Rem. & Bal. Code, § 5856-1 *et seq.*, defining "arterial
streets" and providing that cities and towns may, with the approval
of the county commissioners, improve the same in the manner pro-
vided in the act, which limited the assessment of abutting property
to fifty per cent of its value, is not mandatory in requiring "arterial
streets" to be improved under that system; and, containing no re-
pealing clause, it does not repeal, but is merely supplemental to the
existing law, Id., §7892-1 *et seq.*, providing a distinct method for the
improvement of streets and highways by cities, towns and counties.

SAME.  The determination of what is an "arterial street" is a
legislative question that cannot be controlled by the courts.

Appeal from a judgment of the superior court for Yakima
county, Preble, J., entered May 14, 1914, in favor of the
defendants, upon sustaining a demurrer to the complaint,
dismissing an action for an injunction.   Affirmed.

*Wilson & Hatfield*, for appellants.
*Wende & Taylor* and *Guy O. Shumate*, for respondents.

HOLCOMB, J.—This is an appeal from a final order dis-
missing plaintiffs' case after sustaining the demurrer of the
defendants jointly to plaintiffs' second amended complaint.
Appellants allege, for themselves and others similarly situ-
ated, that they own property abutting upon North First
street, in North Yakima.   They allege that this street con-
stitutes an ideal example of an arterial highway as contem-

[1]Reported in 151 Pac. 645.

plated and defined by chapter 51 of the Laws of 1913, p. 142 (3 Rem. & Bal. Code, § 5856-1 *et seq.*), entitled "An act relating to the improvement of streets and highways and providing for the payment of the cost thereof jointly by the assessment of property specially benefited and by counties and cities or towns;" that the city of North Yakima proposed, by ordinance, to pave said streets under the provisions of chapter 98, Laws 1911, p. 441 (3 Rem. & Bal. Code, § 7892-1 *et seq.*), and to charge the entire cost thereof to the abutting property owners, including the proportionate share of such assessment to these plaintiffs; that the proportionate share thereof so proposed to be assessed to these plaintiffs was in excess of fifty per cent of the value of their property according to its assessed valuation exclusive of improvements; that the proposed improvement was of greater special benefit to the city of North Yakima and the county of Yakima than to the plaintiffs; that the proposed paving was instituted for the benefit of the city of North Yakima and the county of Yakima, and especially for the purpose of facilitating trade between the merchants of Yakima avenue, in the city, and the farmers of the Selah and Wenas valleys, in the county; that the actual benefit thereof to the abutting property owners did not exceed twenty-five per cent of the value of said property exclusive of improvements; that the proposed assessment would cost these plaintiffs at least seventy-five per cent and in some instances one hundred per cent of the value of their property exclusive of its improvements. The officers of the city of North Yakima, the city itself, and the contractor were made parties defendant.

A temporary injunction was asked to restrain the city from making said improvement in the manner proposed and from prosecuting said work, and it was asked that, upon the hearing, the injunction be made final and that the city be forever enjoined from assessing the cost thereof to the abutting property owners. The complaint further prayed for equitable relief. The appeal raises three questions:

First: Can the city improve a street which is in fact an arterial highway and assess the entire cost thereof to the abutting property owners?

Second: Can the city make an improvement which is in fact of greater special benefit to the city and county at large than the abutting property owners and charge the entire cost thereof to the abutting property owners?

Third: Is chapter 51, Laws of 1913, mandatory or discretionary?

North Yakima is a city of the second class and has heretofore adopted the commission form of government, and on the 29th day of January, 1914, the city commissioners duly passed an ordinance, pursuant to chapter 98, Laws of 1911, as amended by chapter 131, Laws of 1913, p. 409, providing for the construction of a pavement on North First street from the south line of East E street, northerly to the north limits of the city, a distance of four blocks (excepting certain portions thereof, traversed by railways), and creating a local improvement district embracing all property on either side of the proposed improvement for a distance back to the center of the block on either side of said improvement. Prior to the passage of the ordinance, a resolution of intention to make the improvement was duly passed and published as by law required, and no objections thereto were made. Subsequent to the passage of the ordinance, the city entered into a contract with the Cascade Construction Company for the making of the improvement for the sum of $20,630.35.

The entire matter is controlled by the question of what is the legislation in force. All other questions are dependent upon that.

The legislature of 1913 passed two acts concerning improvement of public highways. The first, designated chapter 51, was finally passed on March 5, and approved by the governor March 11, 1913. The second, known as chapter

7—87 WASH.

131, was finally passed on March 12, and approved by the governor on March 20, 1913. Chapter 131 simply amends § 6 of chapter 98, Laws 1911, by adding street lighting and planting of shade trees to the enumeration of public improvements within the powers of cities and towns under chapter 98 (3 Rem. & Bal. Code, § 7892-6).

The object and scope of chapter 51, Laws 1913, is stated in its enacting clause:

"An act relating to the improvement of streets and highways and providing for the payment of the cost thereof jointly by the assessment of property specially benefited *and by counties and cities or towns.*"

This act contains no repealing clause of any other statute. Neither does it in terms specifically amend chapter 98, Laws 1911, or any other statute. The first section defines streets located in certain ways and connected with public roads or highways permanently improved in a specified manner and not less than two miles in length, as "arterial streets," and provides that cities and towns "may" improve such "arterial streets" in a specified manner "under the provisions of this act." Section 2 provides for initiation by cities and towns "whenever they shall desire" of proceedings to permanently improve such "arterial streets" . . . "under the provisions of this act," and that the proceedings therefor shall be forthwith, by certified copy, transmitted to the board of county commissioners. "If the board of county commissioners shall approve such resolution the city council or other governing body of such city or town shall thereupon be empowered to and shall improve such arterial streets as above provided and to enter into contracts therefor." (3 Rem. & Bal. Code, §§ 5856-1, 5856-2.)

Appellants read the word "may" in the first section as "shall," and construe this act, therefore, as mandatory upon cities and towns whenever they shall undertake to improve an "arterial street," and therefore insist that the city proceeds upon a fundamentally wrong basis in the matter, which

fundamentally wrong proceeding can and should be corrected and controlled by the courts. This construction, it seems to us, would effect an implied repeal of so much of chapter 98, Laws 1911, as relates to the improvement of such streets. To work a repeal by implication, the later statute must be irreconcilable with the provisions of the former act. *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107; *Mathews v. Wagner*, 49 Wash. 54, 94 Pac. 759. It must also appear that the subsequent statute covers the whole subject-matter of the former one and was intended to take its place. *Hewitt-Lea Lumber Co. v. Chesley*, 68 Wash. 53, 122 Pac. 993. Laws that are *in pari materia* will be read together for the purpose of ascertaining the legislative intent. *State ex rel. Washington Water Power Co. v. Savidge*, 75 Wash. 116, 134 Pac. 680. All laws upon a given subject should be construed together so as to produce a harmonious system if possible; the presumption being that a new law relating to such subject was enacted with reference to the former laws. *Sheldon v. Boston & A. R. Co.*, 172 Mass. 180, 51 N. E. 1078; *Ensley v. State ex rel.*, 172 Ind. 198, 88 N. E. 62; *Rural Independent School Dist. No. Ten v. New Independent School Dist.*, 120 Iowa 119, 94 N. W. 284.

In the light of these principles, an examination of these acts reveals nothing repugnant in the later act with the provisions of the former. It seems clear that chapter 51, Laws 1913, is supplementary to chapter 98, Laws 1911. The provisions of the later act might be read into chapter 98, Laws 1911, as additional sections relating to improvement of streets by cities and towns and there would be no important contradictions or inconsistencies. The context of chapter 51, Laws 1913, shows that it intended to confer additional and alternative powers and discretion upon cities and towns and also counties to proceed "under the provisions of this act" in improving streets within cities and towns. Their legislative power in that respect could not be controlled by judicial proceedings. We cannot judicially know

that the street involved herein is an "arterial street," nor does the allegation to that effect in appellants' amended complaint, though deemed admitted by demurrer, establish the fact judicially. The question is one of fact to be first determined by the governing body of the city. If the city does not first so determine, no court can. 4 McQuillin, Municipal Corporations, p. 4289; *Richardson v. Olympia,* 83 Wash. 638, 145 Pac. 963.

To admit that, under chapter 51, Laws 1913, the city commission *may* pave, or *may not* pave—in other words, none can control their initial discretion respecting same—but to argue in the same breath that, having concluded to pave a certain street of the city, the commission *must* determine it to be an "arterial street" and proceed accordingly, and having so determined, then defer to the board of county commissioners of the county as to whether the county will join with the city in improving the street as an "arterial street," is certainly most constrictive. It will be noted that the second section of chapter 51, Laws 1913, does not compel the board of county commissioners to join with the city in improving even a street determined by the city to be an "arterial street," but leaves it discretionary with the board of commissioners. "If the board . . . shall approve such resolution, the city council . . . shall improve such arterial street."

"There may be in existence at the same time two complete and distinct systems of making and enforcing the local assessment. There is nothing anomalous in this for it is not unusual for the legislature to provide different systems for the accomplishment of the same end. Nor is it to be inferred that in all cases a later statute repeals an earlier one on the same subject; on the contrary, the rule is that where there is no repealing clause, and there is evidence of an intention found in the words of the later act to construct a new or different system without destroying the old one, both statutes will be upheld and it will be adjudged that the legis-

lature did create a new and different system by the later act." Elliott, Roads and Streets (3d ed.), § 679.

See, also, McQuillin, Municipal Corporations, § 829.

Chapter 51, Laws 1913, is replete with expressions tending to show that it was not intended to supplant, but was clearly intended to supplement, existing laws relating to creating public highway improvements and providing for the assessing and paying the cost thereof.

The logic of the learned trial judge, in passing upon this matter, is irrefutable, to the following effect: "The judgment of the county authorities might not concur with the judgment of the city authorities; yet each governing body would have fully performed its duty when it exercised its reasonable judgment; not concurring with the city, the county's declination to join in the improvement would, if the later act be exclusive, at once deprive the city of power to improve the street."

We are unable to adopt a construction controlling the action and discretion of the commission of the city of North Yakima, as urged by appellants.

The legislation now in force authorizes, but does not compel, joint action by cities and counties in permanently improving so-called "arterial streets." A city or town has the alternative of inviting the joint action of the county in such cases, or of proceeding independently. If it invited the co-operation of the county and it was not accorded, the city or town would yet have power to proceed independently under other existing statutes.

The trial court was right in its judgment.

Affirmed.

Morris, C. J., Chadwick, Mount, and Fullerton, JJ., concur.