[No. 14768. Department One. July 16, 1918.]

JOHN ARISHIN, *Respondent*, v. KING COUNTY, *Appellant*.[1]

STATUTES — REPEAL BY IMPLICATION — COUNTIES — LIABILITIES — TORTS. Under the rule that repeals by implication are not favored, the general statute, Rem. Code, § 951, giving a right of action against a county to a person injured by some act or omission of the county, is not impliedly repealed by Id., § 3987, defining the duties of the sheriff, and providing that the county is not responsible for the acts of the sheriff while engaged in his official duties as defined therein.

COUNTIES — LIABILITIES — TORTS — ACTS OF DEPUTY SHERIFF. A deputy sheriff, in charge of automobiles used by the sheriff's office, is not, while testing an automobile, engaged in the performance of any official acts of the sheriff for which the county is not liable, under Rem. Code, § 3987; hence the county is liable for personal injuries caused through the negligent driving by such deputy.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 20, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*R. L. Blewett, Alfred H. Lundin, S. M. Brackett,* and *Hoyt & Frye,* for appellant.

*Kazis Krauczunas* and *J. Grattan O'Bryan,* for respondent.

TOLMAN, J.—This appeal is from a judgment entered upon a verdict returned by a jury in favor of the respondent and against the appellant in the sum of $1,-

[1]Reported in 173 Pac. 1020.

000, as damages for the wrongful death of the respondent's minor child.

On March 21, 1917, one Con Buchet, then a deputy sheriff of King county, whose duty it was to repair, care for and drive the automobiles belonging to King county and furnished by it for the use of the sheriff, was asked by another deputy, then about to go to the county jail for a prisoner, to get into the automobile used by him as such deputy and ascertain what, if anything, was the matter with it. The two deputies, instead of taking the direct route from the sheriff's office to the county jail, proceeded in another direction for the purpose of testing the automobile, going up Jackson street, in the city of Seattle, some distance beyond Twelfth avenue, and while returning, in the vicinity of Twelfth avenue, the accident complained of occurred.

At the close of the respondent's case, the appellant moved for a nonsuit, upon the ground that the person driving the automobile at the time of the accident was a deputy sheriff in the employ of the appellant, and that the appellant was not, as a matter of law, liable for the act of such deputy. The court denied the motion, the appellant elected to stand thereon and refused to offer evidence in defense, and the jury returned its verdict. Whereupon the appellant moved for judgment *non obstante* and for a new trial, both of which motions were denied, and a judgment was entered on the verdict. Upon all of which rulings error is assigned.

It is admitted by both parties that Con Buchet, the then driver of the car, was a duly appointed, qualified, and acting deputy sheriff of King county at the time of the accident. And in addition to the usual duties of a deputy sheriff, he was required to repair, care for, and drive the automobiles belonging to King county which were furnished by it to the sheriff for his use.

The head deputy says it was his duty to care for the automobiles. And he himself testifies that he had charge of the three automobiles used by the sheriff's office.

The appellant contends that the driver, Buchet, being in fact a deputy sheriff at the time of the accident, the county is not liable for his act because of Rem. Code, § 3987, which defines the general duties of a sheriff and, immediately following such definition, says: "The county is not responsible for the acts of the sheriff." Which statute, it is contended, has superseded or repealed by implication the general statute, Rem. Code, § 951, which provides:

"An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

It is true that the special statute was enacted long after the general statute; but it does not purport to cover the subject-matter of the senior statute, contains no words of express repeal, and if it repeals it at all, it must be by implication.

Repeals by implication are not favored by this court. In *Leavenworth v. Billings,* 26 Wash. 1, 66 Pac. 107, cited with approval in *Mathews v. Wagner,* 49 Wash. 54, 94 Pac. 759, we said:

"Repeals by implication are not favored. A statute will not be construed as repealing prior acts, in the absence of express words to that effect, unless there is an irreconcilable repugnancy between them, or unless the new law is evidently intended to supersede all prior acts on the matter in hand, and to comprise in itself

the sole and complete system of legislation on that subject.''

Again, in *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917, quoted with approval in *Brunner v. Little,* 97 Wash. 319, 166 Pac. 1166, this court said:

''Repeals by implication are not favored and will only be indulged where the implication is a necessary one, that is, where without an implied repeal of the earlier act there would exist an inharmony in the body of the law irreconcilable on any conceivable theory reasonably compatible with the purpose of the later act.''

This may be taken to be the settled law of this state. Reading, then, the two statutes together, we find that the senior statute gives a right of action to a person injured by some act or omission of the county, while the junior statute provides simply and solely that the county shall not be liable for the acts of the sheriff while engaged in his official duties as therein defined. We find no such irreconcilable repugnancy between the two acts as to lead to the belief that the junior act superseded, or was intended to supersede, the senior act, and therefore hold that the senior act has not been repealed.

Nor was the deputy Buchet, at the time of the accident complained of, engaged in the performance of any official act necessary to be performed by a sheriff or his deputy. And the appellant cannot in this case shelter itself under § 3987, *supra.* The deputy sheriff was, in fact, engaged at the time of the accident in testing or repairing the automobile belonging to King county, a work which could have been done by any person having the requisite skill, and his commission as deputy sheriff cast no shield or cloak over him. His acts were the acts of an ordinary mechanic, such as

King county might have hired at the nearest garage for such a duty. And the county can claim no immunity because its mechanic in this instance was commissioned as a deputy sheriff.

Finding no error, the judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and PARKER, JJ., concur.