[No. 15717. Department One. June 23, 1920.]

THE STATE OF WASHINGTON, *on the Relation of C. A. LaGrave, Plaintiff,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (88)—EMPLOYEES—CIVIL. SERVICE RULES —TRANSFERS. Under a civil service rule allowing transfers to be made from a position in one department to a similar position of the same class in another department, a vacancy need not be filled from the eligible list, but a transfer may be made pursuant to the rule, which was intended for the protection and promotion of employees already in the service.

SAME (88). Such a transfer would not be illegal because of an increase in the salary, where the former position carried a salary of from $230 to $250 a month, and the new position a salary of $250, and left the employee in the same class, grade and character of work.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered November 5, 1919, upon findings in favor of the plaintiff, in an action for a writ of mandamus, tried to the court. Reversed.

*Walter F. Meier, Geo. A. Meagher,* and *H. R. Fullerton,* for appellants.

*Jas. A. Dougan,* for respondent.

MACKINTOSH, J. — The respondent seeks by mandamus to compel the city council of Seattle to appoint him to the position of auditor of appropriations in the legislative department, which position was created by ordinance approved the 23d of June, 1919. July 8, 1918, this position was defined by the civil service commission as "accountant, class B, grade 7." At that time the respondent was the only one whose name was on the eligible list for appointment as "accountant, class B, grade 7." This eligible list constitutes

[1]Reported in 190 Pac. 906.

the list from which appointees, not already in the city's employ under civil service, are appointed to civil service positions. At that time, one A. T. Drake occupied, in the department of city comptroller, the position of "accountant, class B, grade 7." July 18, the president of the city council, as the head of the legislative department, made application to the civil service commission for the transfer of Drake from his position in the city comptroller's department to the legislative department to fill the position created by the ordinance. The city comptroller consented to the transfer, and on July 19, the civil service commission granted the request for the transfer, and on July 21, Drake was appointed to the position, at the salary of $250 per month provided for in the ordinance. Drake, while in the city comptroller's department, was receiving a salary of $230 per month, under a salary ordinance which provided that "accountants, class B, grade 7," should receive a minimum of $230 and a maximum of $250 per month. The respondent claims that the appointment to the position created by the ordinance should have been made from the eligible list, and that he, being the only person on said list, was entitled to the appointment, and that the transfer of Drake from one department to another, at an increase of salary, was not authorized by charter and civil service commission rules.

The city charter, as it relates to civil service, contains no provision for transfers, but provides, in § 4, art. 16, that the civil service commission can make rules to carry out the purposes of the article and for "examination, appointment, promotions and removals," in accordance with its provisions, and that it may from time to time make changes in the existing rules. The civil service commission, by rule 10, § 5, subd. B, has provided that transfers may be made

"from a position in one department to a similar position of the same class, grade and character of work, and having the same pay, in another department, providing the heads of the two departments concerned shall make request therefor." It cannot be contended that this rule is not effective, as it was passed in conformity with the authority given by the city charter and is to be so construed as to produce a harmonious body of civil service regulations, which include the provisions of the city charter on the subject and the rules of the civil service commission. *State ex rel. Washington W. P. Co. v. Savidge,* 75 Wash. 116, 134 Pac. 680; *White v. North Yakima,* 87 Wash. 191, 151 Pac. 645. The rule was passed with the intention of carrying out the purposes of the city charter and provide a means for the city to transfer from one department to another efficient employees as they may be needed in the different departments, and is in accordance with civil service theory in that it protects city employees in their employment, and also affords to the city the opportunity of availing itself of the services of employees in the positions where they will be the most efficient. When new civil service positions are created they may be filled from the eligible list, upon which are the names of those who are not then in the city's employ, or, with the consent of the civil service commission and the heads of the departments interested, an employee may be changed from one department to another, provided, that the employee is transferred to a similar position of the same class, grade, character of work, and having the same pay.

As was said in *Jenkins v. Gronen,* 98 Wash. 128, 167 Pac. 916, L. R. A. 1918A 839:

"The evident purpose of the framers of the charter was to make free and open the opportunity to enter

the public service, and to secure from the persons ap-
plying those shown by tests to be the best qualified
for the service. These purposes are not accomplished
if anything is left to the whim or caprice of the ap-
pointive power.''

It was not the intention that the city's payroll
should be added to by new employees if there were
already on the roll those whose services could be used
in some other department; thus securing trained men
as well as preventing the increase of needless em-
ployees. Contrary to quite general results, the pri-
mary purpose of civil service is not to provide unnec-
essary permanent positions for theoretically compe-
tent incumbents.

The respondent bases his contention that Drake
was improperly transferred for the reason that, in the
new position, he received a compensation of $250 per
month, whereas, in the old position, he received but
$230. Under the facts of the case, we cannot agree
with this contention, as we have come to the conclusion
that neither the letter nor the spirit of the rule was
violated in this instance. As we look at the rule, it,
in spirit was in part intended for the protection of
employees, and aimed to provide that, by the subter-
fuge of transferring from one department to another,
a civil service employee was not to be subjected to a
decrease of pay, but provided his new position must
be of the same class and character as that in which
he was then employed, and that he should receive no
less compensation in the new position than he was re-
ceiving in the old. In other words, the rule was passed
in conformity with the general spirit permeating the
civil service theory of public employment, and was
intended to prevent the accomplishment indirectly of
what was prohibited directly. It was meant to forbid
the demoting of employees or decreasing their pay, so

that, by an indirect method, they might be compelled to relinquish their employment, when no reason sanctioned by the civil service regulations provided for their direct removal. So much for the spirit of the rule.

Nor do we think that the action taken by the heads of the departments in this instance violated the letter of the rule. Drake, at the time he was changed from the city comptroller's department to the legislative department, was occupying a position in the former department which was listed as carrying a salary of from $230 to $250 per month, and was removed into a department which paid $250 per month. It is conceded that the change left him in the same "class, grade and character of work," and it would seem that the new position carried the "same pay." The record shows that the work he was to perform in the new position was identically the same as that he had been performing in the old, that merely the authority over the position was transferred from one department of government to another, and had he remained in the city comptroller's office, under the salary list, it would have been proper to have increased his pay there to $250 per month without the violation of any rule or regulation, and this increase might have been made by the city comptroller previous to the comptroller's giving his consent to the transfer, and then there could have been no question but what the transfer could have been made without raising any question as to the "same pay." The rule as to transfers is applicable for the reason that Drake was transferred from a position the pay of which had been fixed by ordinance at from $230 to $250 per month, to another position which paid $250 per month, and the transfer, therefore, took place to another position of the same "class, character of work and grade," and having the

"same pay," and therefore was legal. That being true, the respondent was not entitled to the position, and his application for a writ of mandate should have been denied. Judgment reversed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.