**FARMERS CO–OPERATIVE OIL CO. v. SOCONY–VACUUM OIL CO., Inc., et al.**

**No. 97.**

District Court, N. D. Iowa, W. D. March 16, 1942.

736

E. G. Dunn (of Dunn & Danforth), and Leonard Simmer, all of Mason City, Iowa, for plaintiff.

Deloss P. Shull, Henry C. Shull, and Jesse E. Marshall (of Shull & Marshall), all of Sioux City, Iowa, and David T. Searls, of Chicago, Ill., for defendants.

SCOTT, District Judge.

Farmers Co-Operative Oil Company, "for itself, and in behalf of all of its Members who were Members from March 6th, 1935, to December 22nd, 1936", files its complaint against twelve oil companies each alleged to be a corporation organized under the laws of a State other than Iowa, eight of which corporations, however, are alleged to have been doing business in Iowa during the years 1935 and 1936. That the corporations so alleged to have been doing business in Iowa are as follows: Socony-Vacuum Oil Company, Inc., Continental Oil Company, the Pure Oil Company, Shell Oil Company,

Inc., formerly Shell Petroleum Corporation, Sinclair Refining Company, Mid-Continent Petroleum Corporation, Phillips Petroleum Company and Skelly Oil Company. The eight corporations alleged to have been doing business in Iowa have been served and appear. The four remaining corporations not alleged to have been doing business in Iowa are returned by the marshal as not found. It may therefore be assumed for the purposes of the case that the eight corporations served and appearing are the sole defendants, as the case as to the other four is vulnerable to dismissal both for want of jurisdiction and for faulty venue.

The action is brought by plaintiff as a class action under Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, applicable to this Court to recover for itself and for its members $96,-597.90, as treble damages sustained under the provisions of 15 U.S.C.A. § 15. The action is brought against the defendants because of the alleged conspiracy of which the defendants are alleged to have been convicted on the 19th day of July, 1938, in the United States District Court for the Western District of Wisconsin, United States v. Standard Oil Co., 23 F.Supp. 937, in the case later in the Supreme Court of the United States, entitled United States v. Socony-Vacuum Oil Company et al., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129. The indictment in that case is exhibited on the complaint here and its contents are largely repeated in the several paragraphs of the complaint. Concisely stated, the substance of the complaint is that defendants combined and conspired together for the purpose of artificially raising and fixing the price of tank car gasoline in the spot markets in the East-Texas and Mid-Continent fields, and for artificially raising and fixing said tank car prices of gasoline and maintaining said prices at artificially high and noncompetitive levels, and that as a result of such conspiracy the price of gasoline in tank car quantities during the period named, to-wit, from March 6, 1935, to December 22, 1936, was maintained at an artificial level above that which the plaintiff's members would have enjoyed under unrestricted competition. The plaintiff alleges the purchase of approximately a million and a quarter gallons of gasoline at such illegally enhanced price, and that an excess of 2¼¢ per gallon was unlawfully exacted from it, and which plaintiff was obliged to pass on to its members by

enhancing its retail price to members and others.

The plaintiff alleges that it is a cooperative association existing and operating under Chapters 389 and 390.1 of the Code of Iowa. That during the period stated it had individual members numbering seven hundred. Plaintiff further alleges: "That all property of every kind and character possessed by this association, is the property of the individual members, and all money accumulated by this association, after all obligations and necessary running expenses of said association have been paid, belongs to the individual members, in proportion to the amount of purchases of products handled by the association for the individual members thereof."

The defendants served appear and file motion to dismiss the complaint upon the following grounds:

"(a) Plaintiff has not the capacity to sue for and on behalf of its 700 members who were members from March 6, 1935 to December 22, 1936;

"(b) Plaintiff is not the real party in interest in asserting a claim for injuries to the property or business of said 700 members of plaintiff from March 6, 1935 to December 22, 1936, in that plaintiff does not own the legal or the beneficial right to sue for such alleged injuries and is not entitled to recover damages, if any, suffered by such individual members, but such claims must be asserted by the members;

"(c) The allegations of the complaint are insufficient to show that plaintiff has a right to sue in behalf of its members;

"(d) The relief sought by plaintiff is not common to all of its members;

"(e) The right of the plaintiff, and each of its members, to recover damages from defendants is separate and distinct depending upon evidence peculiar to each and varying as to plaintiff and its different members;

"(f) Plaintiff does not adequately represent its members in this proceeding;

"(g) Plaintiff and its members do not constitute a complete and single group having a distinct relationship with identical claims against defendants;

"(h) Plaintiff and its members are not similarly situated."

I shall not undertake to discuss each ground of the motion separately, as I think they might well have been molded into two or three instead of eight grounds. The grounds may, however, be fairly recited to include (a) "failure to state a claim upon which relief can be granted", (b) that plaintiff and its members are not similarly situated, and (c) the complaint fails to meet the requirements of Rule 23 prescribing the essentials of a class action.

Defendants served and filed briefs in support of their motion, and the plaintiff served and filed a brief in resistance thereto. The parties asked to be heard orally and were granted leave and on the 3rd inst., appeared and presented oral argument, upon which the motion to dismiss was submitted.

The complaint on its face is clearly an attempt to bring a class suit. There is little to be found in books on the subject of class actions, indeed, so exhaustive a work as Corpus Juris gives them but a single paragraph, 11 C.J., Class Suit, p. 830, and cites a single case. I quote from that case, Seminole Securities Co. v. Southern Life Ins. Co., C.C., 182 F. 85, at page 96, in which this language is found: "This is what is called in works on equity practice a 'class suit,' in which one or more members of a numerous class, having a common interest, may sue in behalf of themselves and all other members of the class. The jurisdiction is well settled. Such suits are sometimes called 'creditors' suits,' and sometimes, as in this instance 'stockholders' suits.' Provision is made in the federal courts for such suits by Equity Rule 48; 1 Sheet's Fed.Eq.Pr. 539 et seq."

An examination of all suits of this character leaves no doubt that "class suits" are creatures of equity jurisdiction and practice, and have no application to actions at common law. The purpose of this form of action is to enable the Court to determine finally the rights of a numerous class of individuals by one common final judgment. I think this is made quite clear by consideration of Rule 23 of Rules of Civil Procedure. It is fitting that I take the time and space at this point to repeat a portion of this rule and point out some of its salient features.

Rule 23. Class Actions. "(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when

the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

■ It will be noted that it is essential that the action be brought by "such of them, one or more, as will fairly insure the adequate representation of all". The rule then permits this type of action under any one of the three sets of circumstances enumerated under paragraph (a). First, where the right sought to be enforced is joint, or common, or secondary. Second, where the right is several, but where the object of the action relates to specific property involved in the action. And third, where the right is several and a common question of law or fact exists and where *common relief is sought*. The rule is a substantial restatement of old Equity Rule 38, 28 U.S.C.A. § 723 appendix. The requirement for a common relief being sought is to enable the Court by a single judgment to settle all questions and differences. I think it clearly has no reference to actions at law which are triable to a jury, and Rule 23 in no way enlarges the ancient equity jurisdiction and practice in this class of cases.

We come now to consider the nature of the rights attempted to be remedied. Section 15 of Title 15 U.S.C.A. is as follows: "Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover three-fold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

■ It is quite clear that the action contemplated by this section sounds in tort, and is both compensatory and deterrent in its character. In this connection we should not lose sight of the Seventh Amendment to the Constitution of the United States.

That amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

This amendment was not overlooked by the Advisory Committee or the Supreme Court, for Rule 38 provides: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

■■ There can be no doubt that in an action brought under 15 U.S.C.A. § 15, and where the value in controversy shall exceed $20, either party has the right of jury trial; and while a reasonable number of actions of this type might in certain circumstances be consolidated, no party to such a suit may be forced to have his case coupled with 699 other cases, or any such number of cases as would confuse the particular issues in his case. It is quite clear, therefore, to my mind that actions brought under § 15 mentioned are not such as may be brought as class suits. The "business or property" referred to in § 15, pertains to the business or property of the individual who has been damaged.

■ I now recur to the contents of the complaint filed. While the plaintiff quite constantly couples itself with its members when referring to the damage, it is to be noted that plaintiff specifically disclaims all individual rights in the business and association, and I think quite properly so. The statute under which the association is organized and operates specifies the use to which the earnings of the association must be devoted with great particularity. First, the operating expenses must all be paid. Second, a reserve up to equaling $1,000 or 50 per cent of the face value of the shares, whichever is greater, must be maintained. After the particular applications of earnings required by the statute are made, the net earnings must annually be divided among the shareholders in proportion to the amount of business respectively done by them with the association during the preceding year. From the very nature of the co-operative association, annually all losses are absorbed by the members and all net profits paid to the members. Now the complaint un-

reservedly sets forth that the excess price of 2¼¢ per gallon paid for gasoline was passed on by a like increase in the retail price to the purchasers. The complaint nowhere alleges the use of any particular amount of gasoline by the association, but if any portion of the purchases was used by the association, then it was a mere operating expense and is annually absorbed by the membership. It is quite clear, therefore, that so far as the plaintiff as an entity is concerned, it in no way sustained damage. If damage has been suffered, it has been passed on and absorbed by the members. So I think it is clear that whatever damage now remains uncompensated is due the respective members of the association, but such is not necessarily all that is due them. Let me illustrate: A is a member of the association and conceives that he has a cause of action against the defendants here based upon a violation of § 1 of the Sherman Act, 15 U.S.C.A. § 1, and has determined to bring an action under § 15, 15 U.S.C.A., under discussion to obtain compensation. Now, A in stating his cause of action against the defendants would not at all be confined to his purchases from the plaintiff association, but would be entitled to aggregate all purchases made during the pertinent period, whether from the Association or others. It is not to be supposed that members of the association made no purchases of gasoline except from the plaintiff, and any intimation of that kind that may be found in the complaint would plainly be conjectural for the manager of such association would have no means of knowing where each one of 700 members may have purchased gasoline. It, therefore, seems to me quite clear that plaintiff has failed to state a claim upon which relief can be granted to itself as an entity. It also seems quite clear that plaintiff and its members are not similarly situated, and that the complaint fails to meet the requirements of Rule 23 prescribing essentials of a class action, in that the relief prayed for as it applies to each of the 700 members is not a common relief, and a remedy can not be accorded by a single judgment. I think that plaintiff may not by merely calling this a class suit, thrust it into a court of equity to be tried as an equitable action, and thus deprive the members of their rights and the defendants of a right to have each individual case separately dealt with and tried to a jury. It therefore follows that the defendants' motion must and will be sustained, and the complaint dismissed for failure to state a claim upon which relief can be granted.