FARMERS CO-OP. OIL CO. OF SHELDON, IOWA, v. SOCONY-VACUUM OIL CO., Inc., et al.

Civil Action No. 97.

District Court, N. D. Iowa, W. D.

Sept. 14, 1943.

See, also, 43 F.Supp. 735.

E. G. Dunn, of Mason City, Iowa, and Edward E. Baron, of Sioux City, Iowa, for plaintiff.

Deloss P. Shull, Henry C. Shull, and J. E. Marshall, all of Sioux City, Iowa, and David T. Searls, of Chicago, Ill., for defendants.

SCOTT, District Judge.

The above entitled cause came before the Court on the 7th day of September, 1943, on the motion of the defendants alternatively to strike or dismiss a second amended complaint. The first ground stated in the motion is that plaintiff's second amended complaint fails to state a claim upon which relief can be granted. The second ground is that the pleading violates the order of the Court of Appeals and of this Court in granting leave to amend. This is the third time the case has come before this Court on motions to dismiss. The history of the first case will be found in the opinions. Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co., Inc., et al., D.C., 43 F.Supp. 735; Id., 8 Cir., 133 F.2d 101. It will be noted that plaintiff's first complaint was in the form of a class suit, alleged to be for the benefit of itself and about seven hundred members. It alleged a conspiracy by the defendants to control prices of gasoline produced in the mid-continent field, and through said conspiracy, defendants had raised the price of gasoline 2¼ cents per gallon. Plaintiff alleges the purchase of a large quantity of gasoline to be used to supply its members and other purchasers, and in reselling such gasoline had been obliged to raise the price to its members and other customers 2¼ cents per gallon above what it would have charged but for the conspiracy alleged. Plaintiff prayed damages for three times the aggregate sum of the gasoline purchased by it multiplied by the 2¼ cents per gallon, alleging damage to itself and its members in the sum of $32,199.-30, and praying for judgment in three times that amount. The defendants responded with a motion to dismiss. The court held that the case was not a class suit, that the real parties in interest were the members of the Co-operative corporate agency, and would sound in tort. The case was dismissed upon the motion, the plaintiff appealed and the Court of Appeals sustained the findings and conclusions of the trial court, but upon the claim by plaintiff that it was also damaged, the Court of Appeals although holding that no cause of action had been stated in favor of the plaintiff, held that the trial court should have permitted the plaintiff to amend and show any cause of action pertaining to itself individually, it having been claimed that plaintiff had used some of the gasoline in its business.

An initial matter to be determined in all cases in limine is, who is or are the real parties in interest? This was determined by the trial court, and the members of the co-operative corporation held to be the real parties in interest, and that determination was upon the allegations of the complaint verified by authorized corporate agents of the plaintiff, and issue joined by a motion to dismiss. This finding of the trial court was approved by the Court of Appeals, and that issue finally determined.

On the coming down of the mandate the trial court entered a supplemental decree permitting the plaintiff to amend and show what particular damage it as a corporation had sustained as distinguished from its membership. In due time the plaintiff instead of amending the original petition, without further leave filed an amended petition in which it omitted allegations of the original petition touching upon the resale of gasoline to the members at the excessive price, and simply alleging the purchase of the gasoline at the excessive price, and again claiming the entire damage to itself. That amended petition on motion to dismiss was again stricken from the files, but plaintiff again given leave to file an amended petition stating specifically and factually its damage as distinguished from its members. The plaintiff then filed a second amended complaint substantially the same as the first amended complaint, except it enlarged upon the nature of the damage it sustained. It now claims that it was damaged in the sum of 2¼ cents per gallon for all gasoline it purchased during the period in question, because had the purchase price not been enhanced by reason of the conspiracy, it would have been able to have charged its members and customers

that much more of a spread in re-selling the gasoline, and that is the basis of its second amended complaint.

■■ I conclude that defendants' motion to dismiss is well taken upon either ground: First, that the pleading does not state a claim upon which relief can be granted, because the damage complained of is entirely conjectural and impossible of proof. The excessive cost of gasoline to the plaintiff as alleged, also affected all of its competitors, and competition in those years was very keen in the gas station business. Second, it was finally determined on the first appeal who were the real parties in interest as to all gasoline re-sold by the plaintiff, and a matter of that nature being settled on appeal by a court of last resort, will not again be re-examined on a second appeal. United States v. Camou, 184 U.S. 572, 574, 22 S.Ct. 505, 506, 46 L.Ed. 694. The matter having been settled on the first appeal, became the law of the case. As stated by Mr. Justice Shiras in the Camou case, supra: "To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation."

■ I conclude that the motion must be sustained upon each of the grounds interposed, and I am of opinion that plaintiff having had three opportunities to state a cause of action and failed, that leniency is now exhausted and that the case should be dismissed, and it is so ordered.