Governor Clifford P. HANSEN, Secretary of State Thyra Thomson, State Auditor Minnie Mitchell, State Treasurer Everett Copenhaver, State Superintendent of Public Instruction Cecil Shaw, as individuals and as the Wyoming Liquor Commission, and Carl Harms, Director of the Wyoming Liquor Commission, Appellants (Defendants below),

v.

Eugene P. SMITH et al., individually and as representatives of all licensed Beer Wholesalers of Wyoming, a class, Appellees (Plaintiffs below).

Eugene P. SMITH et al., individually and as representatives of all licensed Beer Wholesalers of Wyoming, a class, Appellants (Plaintiffs below)

v.

Governor Clifford P. HANSEN, Secretary of State Thyra Thomson, State Auditor Minnie Mitchell, State Treasurer Everett Copenhaver, State Superintendent of Public Instruction Cecil Shaw, as individuals and as the Wyoming Liquor Commission, and Carl Harms, Director of the Wyoming Liquor Commission, Appellees (Defendants below).

Nos. 3260, 3261.

Supreme Court of Wyoming.

Oct. 29, 1964.

———◆———

John F. Raper, Atty. Gen., Sterling A. Case, Asst. Atty. Gen., Dean W. Borthwick, Deputy Atty. Gen., Cheyenne, for appellants (defendants below).

Roncalio, Graves & Smyth, John R. Smyth, Cheyenne, for appellees (plaintiffs below).

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

The plaintiffs, all of whom are beer wholesalers licensed by the State of Wyoming, brought a class action for themselves and as representatives of all licensed beer wholesalers of Wyoming, against the five elective state executive officers in their capacity as the Wyoming Liquor Commission and also as individuals, joining as defendants with them the Director of the Wyoming Liquor Commission. Plaintiffs sought to restrain the liquor commission from collecting a sales tax of six cents a gallon on malt liquor and beer, and to limit the liquor commission to collecting only two cents per gallon on malt liquor and beer until a final determination was made of the constitutionality of what appears as § 12–5, W.S. 1957, as amended and re-enacted by Ch. 194, § 3, S.L. of Wyoming, 1963, at pp. 359, 360, and, in the alternative, that a receiver be appointed to collect from plaintiffs four cents per gallon on all malt liquor and beer sold by them in this State, investing such collections in a depository where a reasonable rate of interest would be paid upon those funds during the pendency of the action, plaintiffs paying directly to the liquor commission only two cents per gallon on

malt liquor and beer sold by them in Wyoming until final determination was made of the constitutionality of the amendatory and re-enacted section of the statute, and for a judgment declaring unconstitutional the amendatory and re-enacted section of the statute.

Following defendants' motion to dismiss for failure to state a claim upon which relief could be granted, the parties stipulated the facts, the district court made findings of fact and decreed there be reserved and sent to this court as an important and difficult question:

"Is Chapter 194, Wyoming Session Laws, 1963, unconstitutional on its face or in its passage in contravention of one of [sic] more of the following:

"Section 6, Article 1, Wyoming Constitution Section 20, Article III, Wyoming Constitution Section 23, Article III, Wyoming Constitution Section 24, Article III, Wyoming Constitution Section 28, Article III, Wyoming Constitution Section 33, Article III, Wyoming Constitution, Section 13, Article XV, Wyoming Constitution, and Section 1, Fourteenth Amendment to the Constitution of the United States?"

The district court also denied plaintiffs' application for preliminary injunction but directed defendants to retain in their depository banks four cents of every six cents of tax collected on malt liquor on and after May 18, 1963, and not to relinquish that portion of those monies until further order of the court.

By its opinion and decision, this court thereafter declared Ch. 194, S.L. of Wyoming, 1963, to be unconstitutional and in violation of Art. 3, §§ 20 and 24, Wyoming Constitution, and remanded the cause for further proceedings in the District Court of Laramie County, Wyoming, where the trial court then rendered judgment for plaintiffs and against defendants; held that Ch. 194, S.L. of Wyoming, 1963, violated Art. 3, § 20, of the Wyoming Constitution; permanently enjoined defendants from collecting more than a two-cents-per-gallon tax

on malt liquor; ordered the Director of the Wyoming State Liquor Commission to return all tax on malt liquor retained in depository banks, to the persons, firms, and corporations in the amount of tax paid by each of said persons, firms, or corporations during the pendency of the action; and ordered such refunds to commence January 15, 1964, and be completed as soon as possible thereafter.

Defendants moved to amend the judgment, and an instrument entitled "Amended Order" and a further instrument entitled "Order Nunc Pro Tunc" were then entered, the total effect of which amounted to a denial of the motion to amend.

The defendants have appealed from that part of the judgment of the district court which ordered the Director of the Wyoming State Liquor Commission to return all of the money retained in depository banks under order of the court, during the pendency of the action, and which fixed a time to commence and complete such repayments.

Plaintiffs appeal from the judgment of the district court as amended by the amended order hereinabove referred to.

While appellees in Case No. 3260 ask dismissal of the appeal on the ground that the State was not a party in interest, it is unnecessary to pass upon the matter in view of the decision herein reached.

Stripped of non-essentials, the appeals of both the plaintiffs and the defendants challenge the correctness of the court's direction to return the monies retained in depository banks, pursuant to court order, to each of the persons, firms, or corporations that paid them to the Director of the Wyoming State Liquor Commission and which were deposited in banks rather than being paid into the treasury of the State of Wyoming. The answer is, in fact, very plain, simple, and clear. The only persons interested in this litigation are the parties-plaintiff and defendants. Under the doctrine of "class representation," the parties-plaintiff include both the persons identified by names as such and also those specifically referred to as members of the class of those who actually

paid to the State Director of the Wyoming State Liquor Commission the litigated four-cents-per gallon tax. Two cases are particularly significant. In Citizens Banking Co. v. Monticello State Bank, 8 Cir., 143 F. 2d 261, 264, the court said:

> "* * * The purpose of this [class] action is to protect a single trust fund in which no noteholder has a particular or separate interest but in which the interest is common and undivided with rights only of pro rata participation. These plaintiffs are fairly representative of all noteholders. There are no divergent interests among the noteholders as to the purposes of this action. The petition seeks to assert a right common to all noteholders. The situation comes fairly within * * * [citing numerous decisions]."

In Farmers Co-Operative Oil Co. v. Socony-Vacuum Oil Co., D.C.Ia., 43 F.Supp. 735, 737, it is stated:

> "* * * The purpose of this form of action is to enable the Court to determine finally the rights of a numerous class of individuals by one common final judgment. * * *"

See also Rule 23(a) (2) and (3), Wyoming Rules of Civil Procedure; 39 Am.Jur., Parties, §§ 44–46, pp. 917–921; 14 C.J.S. Class (As an Adjective), p. 1193, nn. 17, 18; 1 Freeman, Judgments, §§ 435, 436, pp. 950–952 (Fifth Ed.); Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W.2d 336, 342; Hann v. City of Clinton, Okl. ex rel. Schuetter, 10 Cir., 131 F.2d 978, 982; Board of Insurance Com'rs v. Highway Insurance Underwriters, Tex. Civ.App., 169 S.W.2d 541, 544; Atwood v. National Bank of Lima, 6 Cir., 115 F. 2d 861, 863; Redmond v. Commerce Trust Co., 8 Cir., 144 F.2d 140, 151, certiorari denied 323 U.S. 776, 65 S.Ct. 187, 89 L.Ed. 620, rehearing denied 323 U.S. 819, 65 S. Ct. 557, 89 L.Ed. 650; Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84, 88.

By court order, all persons, firms, and corporations of the class represented by the specifically-named plaintiffs were required to pay the director of the liquor commission the four-cent tax now declared to have been unconstitutionally and therefore improperly levied. The money so paid was the payors' money. Being improperly exacted from them, it must properly be returned to them together with all interest earned thereon.

Although the lower court, in compliance with the mandate of this court, entered its judgment in favor of plaintiffs and ordered the monies represented by the collections of four-cents-per-gallon tax to be repaid to the same and identical persons from whom they were received, no direction was given as to the disposition of the interest accruing upon those deposits.

Therefore, the judgment, the amended judgment, and the judgment nunc pro tunc of the district court are affirmed with direction that the trial court make a further amendment of its judgment so as to require repayment of the interest accruals upon the deposited amounts to the persons, firms, and corporations from whom their principal sums were received.

Affirmed with directions.