Marion **BLOUNT** et al., Appellants
(*Plaintiffs below*),

v.

**CITY OF LARAMIE,** a municipal corpora-
tion, et al., Appellees (De-
fendants below).

No. 4201.

Supreme Court of Wyoming.

May 24, 1973.

Rehearing Denied June 27, 1973.

John J. Rooney of Rooney & Horiskey, Cheyenne, for appellants.

Thomas S. Smith, Laramie, Dean W. Borthwick and Michael W. McCall of Borthwick & McCall, Cheyenne, for appellees.

Before PARKER, C. J., and McEWAN and McINTYRE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal concerning Local Improvement District No. 12 in the City of Laramie, Wyoming, which matter has previously been twice before this court. Mealey v. City of Laramie, Wyo., 472 P.2d 787; Mealey v. City of Laramie, Wyo., 485 P.2d 1019. The "downtown improvement district" was originally created by the adoption of City Ordinance No. 355,[1] to which we referred in our first opinion. However, subsequent to the second case the city went through the procedures to enact an "amended ordinance" (No. 383).[2] After our decision in the second case the city, on August 20, 1971, received bids for the construction of the proposed improvements in Improvement District No. 12, which bids exceeded the statutory cost limitations. Ordinance No. 355 estimated the cost of the improvements at $991,509.30, while the cost estimates in Ordinance No. 383 were $1,119,073.00. Except for a reflection of the cost situation and various changes which would appear to have been an attempted correction of matters with which fault had been found in this court's previous opinion, 472 P.2d 787, 794–795, the amended ordinance was identical in form and language to Ordinance 355. The

1. The original resolution was passed December 16, 1969, and published December 24, 1969, and the ordinance was passed and adopted February 3, 1970.

2. Owners representing less than 50 percent of the property in the proposed improvement district timely filed objections and remonstrances on or before 5 p. m., March 27, 1972, pursuant to the notice of intention to create the district, which was published March 12, 1972.

same statutory procedural requirements necessary for initiating an improvement district by the statutory resolution-of-intention method (§ 15.1–337, W.S.1957, C. 1965) were followed.

On April 18, 1972, the present plaintiffs herein filed action for declaratory judgment and injunctive relief. Defendants moved to dismiss on the ground that all the issues presented in the complaint were res judicata, and, further, that the complaint failed to state a claim upon which relief could be granted. Following the court's refusal to grant the defendants' motion, they denied generally and were later permitted to amend their answer to add the affirmative defenses of res judicata and collateral estoppel. The cause came on for hearing before the trial court upon a stipulation of facts by the parties, the court finding generally for the defendants and against the plaintiffs.

On appeal to this court the plaintiffs delineate their arguments for reversal as follows:

1. Sufficient protests, remonstrances and objections were received to require abandonment of the district.

2. On the face of the amended ordinance the cost of improvements will exceed the estimation thereof in the original ordinance by more than 10 percent and is therefore illegal, being in violation of § 15.1–337, W.S.1957, C. 1965.

3. An enactment cannot be amended, as here, to change or abrogate vested rights or to change a legislatively authorized but restricting action.

4. The second ordinance was an amended ordinance and not a new one.

5. The boundaries of an improvement district cannot be set without regard to the benefits to be received as between those in the district vis-a-vis those outside of the district.

6. The methods here proposed for apportioning the assessment are illegal or unconstitutional.

7. The improvements here contemplated are not local in nature.

8. The matter is not res judicata.

9. The doctrine of mutuality of estoppel (collateral estoppel) is irrelevant to this case.

10. The doctrine of stare decisis is not here applicable.

11. The decision of the lower court was inconsistent and the findings and results thereof were mutually exclusive of each other.

12. Modifications of basements cannot be a subject of a local improvement district.

13. The ordinance was illegally passed as an emergency enactment.

Plaintiffs' first three points are linked with their fourth charge, that the ordinance was an amended ordinance and not a new one and stand or fall with it. In that regard, the trial court specifically found that the ordinance was new, complete in every detail; and we view such finding as correct. Where it is evident that a subsequent act seeks to revise the entire subject matter, embracing all that was intended to be preserved in the old and omitting what was not so intended, the last act supersedes the former and repeals it by implication. State v. Cantrell, 64 Wyo. 132, 186 P.2d 539, 542; White v. North Yakima, 87 Wash. 191, 151 P. 645, 647; 6 McQuillin, Municipal Corporations, p. 320 (3 Ed., 1969 Rev. Vol.). For the reasons stated, we hold plaintiffs' points one through four to be without merit.[3]

As to points five, six, and seven, the trial court found that the matter of contemplated improvements not being local in nature as well as the issues of district boundaries and method of apportioning the

3. Although plaintiffs said the methods proposed for apportioning the assessment are unconstitutional, this allegation was not sustained by cogent argument or authorities.

assessments were previously disposed of when the improvement district was before this court. Plaintiffs, however, insist that res judicata and stare decisis have no part here. We address outselves then to whether or not the trial court was in error in holding (1) the plaintiffs who were represented · in the previous class action by plaintiff Mealey were foreclosed by res judicata, and (2) the plaintiffs who did not object to the original ordinance and were not represented by the class action were bound upon the basis of stare decisis.

■ In that connection, plaintiffs argued that the present matter is neither between the same parties nor upon the same matter as the previous cases and insisted that they were not represented by Mealey in the prior lawsuit because it was a spurious class action suit, and observed that at the time of that lawsuit Rule 23, W.R.C.P., had not been amended. It is to be observed that Wyoming in this instance has followed the Federal Rules of Civil Procedure, adopting Federal revisions thereof, the Federal committee having concluded "that the terms 'joint,' 'common or secondary,' and 'several,' which appeared in former Rule 23(a) and provided the basis of the 'true,' 'hybrid,' and 'spurious' classification that developed during the 1938 to 1966 period 'proved obscure and uncertain.' * * *" 7 Wright and Miller, Federal Practice and Procedure: Civil § 1753, p. 539 (1972). We have had occasion to discuss the problem previously, and the pronouncements there made are applicable here. The first lawsuit initiated by Mealey falls under the "true" classification, having involved the enforcement of an alleged right which was joint or common, the judgment similarly affecting all members of the class, and being binding thereon. Beadle v. Daniels, Wyo., 362 P. 2d 128; Hansen v. Smith, Wyo., 395 P.2d 944. Actions by those assessed or taxed by a municipality are different in effect from most other actions. Here, had Mealey been successful in her contentions in either of the prior suits the city could not have

said that the improvement district was invalid only as to Mealey and excluded her property from the improvement district and then proceeded with it. The two prior suits were more than contests over the validity of the improvement district as it applied to Mealey's property. If the contentions as raised by Mealey in the two prior suits had been resolved, as she had asked, such determination would have been binding upon the city as to all persons and property located within the improvement district. If it was binding upon the city as to the entire improvement district it must necessarily, as a two-edged sword, be binding upon all those parties owning property in the improvement district.

No contention was made that all members of the class were not adequately represented in the prior litigation or that they would, other than the basement and emergency ordinance questions, raise new or different matters, or raise them in a different fashion. Plaintiffs merely asked that we again consider the same questions as raised in the prior litigation.

■ With respect to plaintiffs' position that the doctrine of stare decisis is not here applicable, they also linked their allegation that the decision of the trial court was inconsistent and the findings and results thereof were mutually exclusive of each other, it being urged that the trial court embraced the theory that the second ordinance for the improvement district was a new ordinance, and that a new and different ordinance made new rights and relations and injected new facts. We see no merit in plaintiffs' view. The second ordinance was essentially the same as the first and dealt with Improvement District No. 12. It is true that the second ordinance injected new and different matters, that is, modifications of basements and the passage of the ordinance as an emergency enactment, but these received the consideration of the trial court and are the subject of plaintiffs' points 12 and 13. Scant attention is directed by plaintiffs to the passage of the ordinance, it merely being alleged

that the introduction and passage of the ordinance within the hour because of the possible effect of inflation, rather than following the dictates of § 15.1–15, W.S.1957, (1971 Cum.Supp.), providing for at least ten days to elapse between the introduction and final passage of every ordinance except emergency ordinances, emphasizes the unreasonable, arbitrary and capricious actions taken with reference to the entire matter. We cannot agree. While the ten days is certainly infinitesimal compared to the years which have passed since the Laramie City Council initiated action on this improvement district, we do not fault the council for doing what little they could to cut the delays brought upon them.

■ As to the matter of the basements, the trial court found:

" * * * Apparently as a matter of grace down through the years, the city has permitted the abutting property owners to use the space underneath public sidewalks located on public land, dedicated for sidewalk purposes, for basements. This is not a matter of taking private property, the subject matter of eminent domain. Within the discretion of the city acting upon the advice of its engineers and technical advisors, it is advisable to modify the basements constructed upon dedicated land and underlying public sidewalks, as a part of this improvement district. This is a matter of discretion, with which the Court will not interfere there having been no showing that the city has acted arbitrarily or capriciously. Since the city has changed its position in this regard in the new ordinance and intends to permit the use of the space underneath sidewalks as basements and only modify them to meet the needs of support or some other reason necessary in connection with the street and sidewalk improvements, the adjoining owners can hardly have any objection when they will be permitted to use this space to which they have no particular right. There is no statute of limitations running against the city. Statutes of limitation do not run against a city and the abutting owners can gain no prescriptive right to this space. While the work is going on, the abutting owners will of course have to move any private property or equipment until the work is completed."

Plaintiffs now claim that the trial court overlooked the easement nature of the public dedication and the ownership to the center of the street by the abutting owner, and, further, overlooked the pertinent aspect of whether or not the modifications of basements could be the subject of an improvement district to be paid for by assessment of property owners in the district. They failed, however, by cogent argument or authority to indicate why "improvement" as defined by § 15.1–330(d), W.S. 1957, (1971 Cum.Supp.), as " * * * any lawful local improvement of any kind, which the governing body finds to be of special benefit to the property proposed to be assessed for the cost thereof" would not include modification of sidewalk basements, required as an incident to the construction of sidewalks within the improvement district. They neglected also to address themselves as to how the proposed modification to basements underlying sidewalks could constitute a taking of private property without just compensation, title to the lands underlying streets and sidewalks being in the City of Laramie.

■ In view of our disposition of the other points raised by plaintiffs and the fact that the trial court did not apply the doctrine of mutuality, there is no occasion to discuss plaintiffs' ninth point.

The plaintiffs' complaint contained nine claims for relief, and the matter was presented to the court on an agreed statement of the facts, no testimony having been taken. The record is therefore very short and we have examined it thoroughly. Those facts which the parties believed to be pertinent and which were placed in issue by the pleadings were stipulated to by them. The stipulation consisted of five pages containing 12 stipulated facts and an

agreement that eight exhibits were to be considered as evidence. While we will not try a case anew, here, where we can review all the evidence which was before the trial court and view it in the same fashion as the trial court, we may do so.

Had the trial court determined that the defenses of res judicata and collateral estoppel were not applicable to any or all of the parties plaintiff to this action it would then have had to determine if the plaintiffs had made their case.

The complaint consisted of nine separate claims or counts set forth in 44 numbered paragraphs, various of which were incorporated by reference into other paragraphs 79 times which, in effect, made the complaint consist of 123 paragraphs. In the nine counts the plaintiffs questioned the constitutionality and application of various statutes. They asserted: (1) that the improvement district should not have included certain property, and that it failed to include other property which should have been included; (2) that the method of apportioning the assessments was not authorized by law and was arbitrary and capricious, and inconsistent and disproportionate to the benefit received; (3) that certain improvements (sidewalk basements) were not authorized by law; (4) that the improvements were public in nature and not local; (5) that certain statutes attempting to define improvements were ambiguous and vague; (6) that the ordinance should not have been passed as an emergency measure; and (7) that bids received were· in excess of 10 percent above the estimate.

██ We have heretofore in this opinion discussed the questions concerning the passage of the ordinance as an emergency measure, and the sidewalk basement question. In one of the prior cases, Mealey v. City of Laramie, 472 P.2d 787, we discussed the question of a city's determination of what property should or should not be included in an improvement district. There we said that cities, in exercising legislative powers, may fix the boundaries and the nature and extent of the improve-

ments to be made, and the court will interfere only if the city council exceeds those powers or exercises its discretion in a fraudulent, arbitrary, or capricious manner. From our examination of the record we cannot say there is any basis for a determination that the city council exceeded its powers or acted fraudulently, arbitrarily or capriciously in determining which property should be included in the improvement district and the method in which the assessments were to be apportioned. Our examination of the record convinces us that the method of apportioning the assessments was as authorized by law; that the improvements were local in nature; and that the statute questioned by the plaintiffs defining improvements was not ambiguous and vague. We do not understand the plaintiffs' assertion that bids were received in excess of 10 percent of the estimate contrary to statute. The record does not show that bids had been received pursuant to the second ordinance, which is the one here under question. Apparently bids were received and exceeded by 10 percent the amount of the estimate in the first ordinance. Until such time as bids are received on the second ordinance no determination can be made as to whether or not bids were in excess of that authorized by statute.

Our careful consideration of all the evidence convinces us that there is no basis upon which the trial court could have held for the plaintiffs even if the trial court had ruled adversely to the city on the res judicata and collateral estoppel questions.

For the reasons stated we affirm the judgment of the trial court.

Affirmed.

GUTHRIE, J., took no part in the consideration or decision of the case.

McINTYRE, Justice (dissenting).

It seems to me the majority opinion entirely overlooks the controlling language in § 15.1–338, W.S.1957, C. 1965, together with the fact that the legal owners of record of

more than one-half of the area of the property subject to assessment protested against making of "the improvements" within the only "assessment district" involved. This section clearly provides that, when such protests are filed, the proposed improvements "within that district" shall be abandoned.

Section 15.1–338, after providing that the owners of property situated within the proposed assessment district may file with the city clerk their written objections to the proposed improvement, then states:

"If protests against the making of *the improvements* are filed by the legal owners of record of more than one half of the area of the property subject to assessment therefor, *within an assessment district,* then the *proposed improvements within that district* shall be abandoned." [Emphasis supplied.]

Without getting hung up on a lot of argument about whether the amended ordinance here involved constituted an amendment of what had been previously initiated, or an entirely new beginning, it cannot be denied that the amendment has to do with "the [same] improvements." Also, it has to do with identically the same "assessment district."

It is agreed in this case that the principal change in the amended ordinance is the change of estimated cost from $991,509.30 to $1,119,073.00. It stands to reason that those opposed to the improvements at a cost of $991,509.30 would be all the more opposed to "the improvements" at a cost of $1,119,073.00.

If there be any doubt about references being made to substantially the same improvements and to the same assessment district, we need to look only to the amended ordinance itself. In the title these words are used: "AN AMENDED ORDINANCE CONCERNING THE CREATION AND ESTABLISHMENT OF * * * LOCAL IMPROVEMENT DISTRICT NO. 12 * * *." It is apparent, and important to note, that references in the first ordinance and in the amended ordinance are to the same improvements and to the same improvement district—Local Improvement District No. 12.

Parties agree that protests against the making of "the improvements" were filed by the legal owners of record of more than one-half of the area of the property subject to assessment therefor, within Local Improvement District No. 12, if all protests filed against making of "the improvements", within Local Improvement District No. 12, are counted. If proper interpretation and meaning is given to the language used in § 15.1–338, I certainly know of no reason why all such protests should not be counted. If so counted, then the proposed improvements within that district (District No. 12) must be abandoned.

As stated in 56 Am.Jur.2d, Municipal Corporations, § 412, p. 454, where an amendatory ordinance is enacted which re-enacts some of the provisions of the former ordinance, such portions of the old ordinance as are repeated or retained, either literally or substantially, are to be regarded as continuations of the old ordinance and not as the enactment of a new ordinance on the subject or as a repeal of the former ordinance.[1] That would be especially applicable in the situation we are dealing with, where our consideration is merely whether we are talking about substantially the same improvements and the same local improvement district.

It is obvious that the city council in this case maintains and believes the second ordinance to be an amended ordinance. It was denominated "an amended ordinance." It was based on an "amended resolution declaring the intention of the City." It retained the same number (No. 12) for the improvement district. As pointed out by the district court, it changed the first ordi-

1. See cases referred to in note 11 of the text.

nance only slightly. If the second ordinance did not amend and thus replace the first ordinance, then two inconsistent ordinances remain in the ordinance book.

In State v. Holly Sugar Corporation, 57 Wyo. 272, 116 P.2d 847, 851, the Supreme Court of Wyoming recognized the principle that whether an act is an amendment of a prior act is to be determined by a comparison of their provisions, and although the amendment purports to be complete in itself, if it intermingles different provisions with the old ones or adds new provisions, then the new one is amendatory. Also, if a subsequent statute does in fact modify and change the proceedings to be had under a former act, the latter act is an amendment of the earlier act and must be so regarded and treated.

It is a bit difficult for me to understand how the lower court and this court can resolve the controversy here involved on the basis of res judicata. The present lawsuit attacks rights and relations resulting from the amended enactment. The doctrine of res judicata generally extends only to facts and conditions as they existed at the time the former judgment was rendered and does not apply where there are new facts which did not exist at the time of the prior judgment. Johnson v. Flemming, 10 Cir., 264 F.2d 322, 324.

I have emphasized the language used in § 15.1–338, suggesting that all protests filed against "the improvements" which are involved, within Local Improvement District No. 12, should be counted. This question could not possibly have been dealt with or resolved at the time of the original judgment. Therefore, for purposes of a consideration of the points I am raising in this opinion, res judicata has no application.

In my opinion, the case should be reversed and the city council should be ordered to abandon the proposed improvements within District No. 12.